PEOPLE v WOOD

Docket No. 269157. Submitted August 7, 2007, at Grand Rapids. Decided September 18, 2007, at 9:10 a.m. Leave to appeal sought.

Mark D. Wood was convicted by a jury in the Van Buren Circuit Court of first-degree fleeing and eluding, MCL 257.602a(5), after a police officer was killed when he lost control of a police car on a curve and hit a tree during a high-speed pursuit of the defendant's vehicle. The court, William C. Buhl, J., had denied the defendant's pretrial motion to quash the charge on the ground that proximate cause could not be established, and did not instruct the jury regarding proximate causation. The defendant appealed.

The Court of Appeals *held*:

The evidence was sufficient to establish beyond a reasonable doubt that the defendant's act of fleeing and eluding resulted in the police officer's death. The Legislature's decision to define first-degree fleeing and eluding as a violation that results in the death of another individual rather than as a violation that causes the death of another individual indicates an intent to require only factual causation, not proximate causation, to support a conviction for committing that crime. Because the officer's death would not have occurred but for the defendant's act of fleeing and eluding the officer, the requisite causation was established.

Affirmed.

CRIMINAL LAW — FLEEING AND ELUDING — CAUSATION.

Only factual causation, not proximate causation, is required to support a conviction for first-degree fleeing and eluding (MCL 257.602a[5]).

State Appellate Defender (by *Desiree M. Ferguson*) for the defendant.

Before: BANDSTRA, P.J., and CAVANAGH and JANSEN, JJ.

CAVANAGH, J. Defendant appeals as of right his jury conviction of first-degree fleeing and eluding, MCL 257.602a(5). We affirm.

Defendant was driving west on I-94 in Kalamazoo County when he was observed recklessly weaving in and out of traffic by another driver who notified the police. After defendant left the interstate, a police vehicle pulled up behind defendant's vehicle and activated its lights. Witnesses observed defendant accelerate away from the police vehicle, drive past a red light, and continue at a high rate of speed. While attempting to navigate an S-curve in pursuit of defendant's vehicle, the police vehicle spun out of control and hit a tree. One of the police officers died and the other was injured. Defendant was initially charged with second-degree murder and first-degree fleeing and eluding, but he was not bound over on the murder charge. Before trial, defendant moved to quash the information on the remaining first-degree fleeing and eluding charge, arguing that proximate cause could not be established. Ruling that proximate cause need not be established, the court denied the motion. After the close of proofs, the jury was instructed about factual, but not proximate, causation. Defendant was convicted. This appeal followed.

Defendant argues that the evidence was insufficient to establish beyond a reasonable doubt that his act of fleeing and eluding "resulted in" the police officer's death. After viewing the evidence in a light most favorable to the prosecution, drawing all reasonable inferences in support of the jury verdict, we disagree. See *People v Hardiman*, 466 Mich 417, 420-421; 646 NW2d 158 (2002); *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000).

The fleeing and eluding statute, MCL 257.602a, provides, in relevant part:

(1) A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by

a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer.

\* \* \*

(5) If the violation *results in* the death of another individual, an individual who violates subsection (1) is guilty of first-degree fleeing and eluding, a felony punishable by imprisonment for not more than 15 years or a fine of not more than $10,000.00, or both. [Emphasis added.]

Defendant claims that his fleeing the police vehicle did not "result in" the police officer's death; rather, the officer's loss of control of his own vehicle during the pursuit of defendant resulted in the officer's death. Defendant misapprehends the statute.

The issue presented here is one of statutory interpretation, a question of law that is reviewed de novo on appeal. See *People v Schaefer*, 473 Mich 418, 427; 703 NW2d 774 (2005), as modified by *People v Derror*, 475 Mich 316, 319 (2006). Principles of statutory interpretation govern our review, including our duties: (1) to give effect to the intent of the Legislature as expressed by the statute's actual language, (2) to interpret, not write, the law, and (3) to enforce the statute's clear and unambiguous language without judicial construction. *Schaefer, supra* at 430-431.

Fleeing and eluding that "results in the death of another individual" is a first-degree charge. MCL 257.602a(5). The meaning of the phrase "results in" is at issue here. Because the phrase has not acquired a unique meaning at law, we may consult a lay dictionary for guidance regarding its definition. See *Robinson v Detroit*, 462 Mich 439, 456 n 13; 613 NW2d 307 (2000).

"Result" is defined by *Random House Webster's College Dictionary* (1997) as: "1. to arise or proceed as a consequence of actions, premises, etc.; be the outcome. 2. to end in a specified manner or thing." In *Robinson*, our Supreme Court, consulting a lay dictionary, similarly defined the term "result" as: " 'To occur or exist as a consequence of a particular cause[;] To end in a particular way[;] The consequence of a particular action, operation or course; outcome.' " *Robinson, supra* at 456, quoting *American Heritage Dictionary, Second College Ed*, p 1054.

Defendant contends that "interpretation of the term 'result' necessarily requires consideration of the term 'cause.' " In essence, defendant is arguing that interpretation of the term "result" should be the same as when the term "cause" is used in a statute. We disagree. Although it is axiomatic that a result must be caused, by using the word "result" instead of "cause" in the statute, the Legislature specifically directed that only factual causation need be established. The phrase "results in" is more general and broader in scope than the term "causes," which has acquired a unique, technical meaning in the law. See *Schaefer, supra* at 435. This distinction has been noted by our Supreme Court.

First, in *Schaefer*, a case interpreting MCL 257.625(4), the statute pertaining to operating a motor vehicle while under the influence of liquor and thereby causing death, our Supreme Court specifically addressed the significance of the Legislature's use of the phrase "causes the death" rather than "results in death." *Id*. at 439 n 67. The Court noted:

> Had the Legislature intended to require only factual causation and not proximate causation as well, the Legislature would have instead used the words *"results* in death" rather than *"causes* the death."

Indeed, MCL 257.617, which requires motorists involved in accidents to remain at the scene of the accident, specifically uses the phrase "results in . . . death." Section 617(2) provides:

"[I]f the individual [flees the scene of an accident] and the accident *results in serious impairment of a body function or death*, the individual is guilty of a felony punishable by imprisonment for not more than 5 years or by a fine of not more than $5,000.00, or both." [Emphasis added.]

Accordingly, the Legislature is well aware of how to draft a statute that requires only factual causation and not proximate causation.

The United States Court of Appeals reached the same conclusion in construing an analogous federal criminal statute: distribution of a controlled substance resulting in death, 21 USC 841. Specifically § 841(a)(1) makes it illegal to "knowingly or intentionally . . . distribute . . . a controlled substance" and § 841(b)(1)(C) provides an enhanced sentence "if death or serious bodily injury *results* from the use of such substance . . . ." (Emphasis added.) In recently addressing the proximate cause issue, the United States Court of Appeals for the Ninth Circuit held:

"[P]roximate cause is not a required element for conviction and sentencing under § 841(b)(1)(C). All that is necessary under the statutory language is that "death . . . results" from the offense described in § 841(a)(1). . . . Cause-in-fact is required by the "results" language, but proximate cause . . . is not a required element." [*United States v Houston*, 406 F3d 1121, 1124-1125 (CA 9, 2005).]

In so holding, the Ninth Circuit joined numerous other circuits that reached the same conclusion. See *United States v Soler*, 275 F3d 146, 152 (CA 1, 2002); *United States v McIntosh*, 236 F3d 968, 972-973 (CA 8, 2001); *United States v Robinson*, 167 F3d 824, 830-832 (CA 3, 1999); *United States v Patterson*, 38 F3d 139, 145-146 (CA 4, 1994).

Therefore, if the Legislature had intended to eliminate proximate causation as an element of OUIL causing death, it would have used the phrase "and by the operation of that

motor vehicle the death of another person *results.*" The Legislature, however, deliberately chose to use the word "cause" in § 625(4) and thereby incorporated the technical, legal meaning of the term. [*Schaefer, supra* at 439-440 n 67.]

Second, in *Robinson, supra* at 457 n 14, our Supreme Court again noted the significance of the Legislature's use of the term "result" instead of "cause." In *Robinson* and its companion case of *Cooper v Wade,* our Supreme Court considered the issue "whether the city of Detroit or individual police officers face civil liability for injuries sustained by passengers in vehicles fleeing from the police when the fleeing car caused an accident." *Id.* at 444. In both cases, the suits were brought under the motor vehicle exception to governmental immunity, MCL 691.1405, which provides:

Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . .

The Court noted (1) that the exception requires that the plaintiff's injuries result from the negligent operation of a government vehicle, (2) the dictionary definition of "result," and (3) that the grant of immunity in MCL 691.1407(1) is broad and the statutory exceptions are to be narrowly construed. *Robinson, supra* at 455-456. The Court then held that "plaintiffs cannot satisfy the 'resulting from' language of the statute where the pursuing police vehicle did not hit the fleeing car or otherwise physically force it off the road or into another vehicle or object." *Id.* at 457. Thereafter, the Court addressed the dissenting opinion, reiterating that liability associated with a police chase does not attach unless the injury or damage "results from" the negligent operation of the police vehicle, stating:

The dissent suggests that there should be liability where a police vehicle forces an innocent intervening car to hit the fleeing vehicle causing injury to an innocent person in the fleeing vehicle. However, we do not believe that such a scenario would fit within a narrow reading of the statutory requirement of "resulting from." The dissent's position would be more in accord with a proximate cause "but for" analysis. However, the statute does not say that governmental agencies are liable for injuries or property damage "proximately caused" by the negligent operation of a motor vehicle. Rather, the statute says the injuries or property damage must result from the negligent operation of a motor vehicle. Because the Legislature did not utilize proximate cause language, we will not import such an analysis here. [*Id.* at 457 n 14.]

Defendant relies on *Robinson* for his argument that, because he did not hit the police vehicle or physically force it off the road or into another object, he should not be held liable for first-degree fleeing and eluding. But this analysis from *Robinson* does not apply under the circumstances of this case. First, as already noted, in interpreting the phrase "resulting from," the Supreme Court explicitly acknowledged that a narrow construction was appropriate because an exception to governmental immunity was at issue. Second, the facts presented in *Robinson* were in stark contrast to the facts presented here. The question in *Robinson* was whether a police officer, who was attempting to uphold the law, could be held liable under civil law for injuries that occurred during a high-speed chase of a fleeing defendant. Here, the question is whether the fleeing defendant, who was breaking the law, can be held criminally liable for the death of another individual that occurred during the high-speed chase of him. See MCL 257.602a. We conclude that *Robinson* does not suggest that a narrow interpretation of the statutory language at issue in this criminal case is warranted.

We now turn to whether defendant's criminal act of fleeing and eluding resulted in the police officer's death. Clearly it did. The only causation required by the statutory language is factual causation, not proximate causation. Factual causation means just that: was defendant's criminal conduct a factual cause of the officer's death; or, but for defendant's fleeing and eluding, would the officer's death have occurred? See *Schaefer*, *supra* at 435-436. Because the officer's death would not have occurred absent defendant's fleeing and eluding, i.e., the police officer would not have lost control of his vehicle during the pursuit of the fleeing defendant, factual causation exists.

We are cognizant of the fact that the use of the phrase "results in" instead of "causes" may cast a wider net with regard to the imposition of criminal liability. That is an issue for the Legislature, not the judiciary. Defendant argues that criminal liability should never be imposed absent a finding of proximate cause. He relies on *People v Tims*, 449 Mich 83; 534 NW2d 675 (1995), in support of his argument. But, again, defendant misapprehends that case. The *Tims* case involved two different statutes, MCL 750.321—the manslaughter statute, which does not define the offense—and MCL 750.324—the negligent homicide statute, which includes a causation element represented only by the word "cause." *Tims*, *supra* at 94-95. Because the Legislature failed to provide a causation element in the one instance and provided "no guidance regarding the scope of that [causation] element" in the other instance, the *Tims* Court was required to turn to the common law for guidance with regard to these elements. *Id.*

We are not faced with either predicament in this case. The statute at issue here, MCL 257.602a(5), provides the causation element "results in," and Supreme Court

precedent provides guidance with regard to its interpretation. See *Schaefer, supra* at 439 n 67; *Robinson, supra* at 457 n 14. Thus, as the trial court held, the only causation element the prosecution had to establish in this case was factual causation. If the Legislature had intended to require that proximate causation be established, it would have drafted the statute accordingly. We may not engraft by judicial construction a proximate cause element where only factual cause is required by the statute. Therefore, defendant's claim that the jury was not properly instructed regarding the proximate cause element is without merit, and sufficient evidence supported defendant's first-degree fleeing and eluding conviction.

Affirmed.