PEOPLE v CREWS

Docket No. 305830. Submitted January 10, 2013, at Detroit. Decided February 5, 2013, at 9:00 a.m.

Anthony J. Crews pleaded guilty in the Monroe Circuit Court to one count of second-degree home invasion, MCL 750.110a(3), and was sentenced by the court, Joseph A. Costello, Jr., J., to 75 to 180 months in prison. The Court of Appeals denied defendant's delayed application for leave to appeal in an unpublished order, entered June 4, 2009 (Docket No. 291927). The Supreme Court then denied defendant's application for leave to appeal the order of the Court of Appeals, 485 Mich 977 (2009). The trial court subsequently denied defendant's motion for a hearing pursuant to *People v Ginther*, 390 Mich 436 (1973), but granted defendant's motion for resentencing. Following a hearing at which the parties stipulated that an offense variable (OV) had been improperly scored but defendant did not challenge the scoring of his prior record variables (PRVs) or any other OVs, the court sentenced defendant to 71 to 180 months in prison. Defendant filed another motion for resentencing and, at a hearing on the motion, argued that he had received ineffective assistance of counsel and that there were several scoring errors in regard to the calculation of his minimum sentence range under the legislative sentencing guidelines, including errors in the scoring of three PRVs. The trial court denied the request for resentencing, holding that defendant had failed to demonstrate ineffective assistance of counsel or any error with regard to the score assessed for PRV 1, regarding prior high-severity felony convictions, or PRV 5, regarding prior misdemeanor convictions or prior misdemeanor juvenile adjudications. The trial court did order that defendant's presentence investigation report be corrected with regard to the score for PRV 2, regarding prior low-severity felony convictions, and that the five points erroneously assessed for OV 11, criminal sexual penetration, be assessed instead under OV 12, contemporaneous felonious criminal acts. The changes did not affect defendant's minimum sentencing guidelines range. The Court of Appeals, MARKEY and BECKERING, JJ. (MURPHY, C.J., dissenting), granted defendant's delayed application for leave to appeal in an unpublished order, entered October 21, 2011 (Docket No. 305830).

The Court of Appeals *held*:

1. In order for a felony conviction under another state's law to constitute a prior high-severity felony conviction for purposes of scoring PRV 1, MCL 777.51, the defendant must have committed a crime in another state that corresponds to a crime listed in offense class M2, A, B, C, or D or a crime that is punishable by a maximum term of 10 years' imprisonment or more.

2. In order for a felony conviction under another state's law to constitute a prior low-severity felony conviction for purposes of scoring PRV 2, MCL 777.52, the defendant must have committed a crime in another state that corresponds to a crime listed in offense class E, F, G, or H or, if not corresponding to a felony listed in offense class M2, A, B, C, D, E, F, G, or H, that is punishable by a maximum term of imprisonment of less than 10 years.

3. Defendant's two prior felony convictions of second-degree burglary in Ohio were punishable by a maximum of eight years' imprisonment, therefore, for those convictions to be considered high-severity felony convictions, the requirements of MCL 777.51(2)(b) had to be met. Under subsection 51(2)(b), the felony of second-degree burglary in Ohio, Ohio Rev Code Ann 2911.12(A)(2), had to be a felony "corresponding" to one listed in offense class M2, A, B, C, or D in order for a conviction of second-degree burglary to be considered a prior high-severity felony conviction.

4. The term "corresponding" in MCL 777.51(2)(b) means similar or analogous. "Analogous" means corresponding in some particular and "similar" means having qualities in common. The goal of the corresponding requirement is to ensure that convictions for out-of-state crimes and in-state crimes under statutes that seek to prevent the same harm are scored in the same category. The Legislature did not intend that minor differences between the wording of a Michigan criminal statute and its analog in a different state would result in the out-of-state conviction's not being counted as a prior offense if the two statutes address the same type of conduct.

5. The felony of second-degree burglary in Ohio, Ohio Rev Code Ann 2911.12(A)(2), is sufficiently similar to second-degree home invasion in Michigan, MCL 750.110a(3), to satisfy the plain meaning of the term "correspond" for purposes of scoring PRV 1. Defendant's two second-degree burglary convictions in Ohio were properly considered prior high-severity felony convictions in scoring PRV 1.

6. Ten points are properly scored for PRV 5, MCL 777.55, prior misdemeanor convictions or prior misdemeanor juvenile adjudications, when the offender has three or four prior misdemeanor convictions or prior misdemeanor juvenile adjudications. Qualifying convictions or adjudications from other states constitute prior misdemeanor convictions or juvenile adjudications, however, a conviction or adjudication should be counted only if it was for an offense against a person or property, a controlled substance offense, or a weapon offense.

7. Defendant's juvenile adjudications in California for assault, an offense against a person, and for petty theft, an offense against property, were properly scored under PRV 5. Defendant's two convictions for disorderly conduct were not for offenses against a person or property, a controlled substance offense, or a weapon offense and, therefore, could not be scored under PRV 5. Defendant's conviction in Ohio following his plea of guilty to the crime of attempting to commit an offense, Ohio Rev Code Ann 2923.02(A), stemmed from a charge of possession or use of drugs. Ohio's attempt statute specifically ties an attempt conviction to the crime attempted. The trial court did not err by classifying the attempt conviction as a conviction for a controlled-substance offense and scoring 10 points under PRV 5 because defendant had at least three qualifying prior misdemeanor convictions or juvenile adjudications.

8. Defense counsel cannot be deemed deficient for failing to advance a novel legal argument. Defendant failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness when counsel failed to object to the scoring of PRV 1 on the basis of a novel legal argument. Defendant failed to demonstrate that prejudice resulted from his counsel's failure to object to the scoring of PRV 1 earlier in the proceedings. Because PRV 5 was properly scored, defense counsel was not ineffective for failing to make a futile objection regarding such scoring.

Affirmed.

1. SENTENCES — PRIOR RECORD VARIABLE 1 — PRIOR RECORD VARIABLE 2.

The Legislature, by distinguishing between high- and low-severity prior felony convictions for purposes of scoring prior record variables 1 and 2 of the sentencing guidelines, intended to provide sentencing courts with a mechanism for matching criminal conduct prohibited by other states with similar conduct prohibited by Michigan statutes, with the focus on the type of conduct and harm that each respective statute seeks to prevent and punish (MCL 777.51, 777.52).

2. SENTENCES — PRIOR RECORD VARIABLE 1 — WORDS AND PHRASES — CORRE-
SPONDING.

> The term "corresponding" in the statute pertaining to scoring prior
> record variable 1 that provides, in part, that a prior high-severity
> felony conviction means a conviction for a felony under the law of
> the United States or another state corresponding to a crime listed
> in offense class M2, A, B, C, or D, means similar or analogous;
> "analogous" means corresponding in some particular and "simi-
> lar" means having qualities in common; the goal of the correspond-
> ing requirement is to ensure that convictions for out-of-state
> crimes and in-state crimes under statutes that seek to prevent the
> same harm are scored in the same category (MCL 777.51[2][b]).

3. SENTENCES — PRIOR RECORD VARIABLE 1 — CORRESPONDING STATUTES.

> The felony of second-degree burglary in Ohio, Ohio Rev Code Ann
> 2911.12(A)(2), corresponds with second-degree home invasion in
> Michigan, MCL 750.110a(3), for purposes of scoring prior record
> variable 1 of the sentencing guidelines, MCL 777.51.

4. CONSTITUTIONAL LAW — ATTORNEY AND CLIENT — EFFECTIVE ASSISTANCE OF
COUNSEL.

> Defense counsel cannot be deemed ineffective or deficient on the
> basis of counsel's failure to advance a novel legal argument;
> defense counsel is not ineffective when counsel fails to make a
> futile objection.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *William Paul Nichols*, Prosecuting Attorney, and *Michael C. Brown*, Assistant Prosecuting Attorney, for the people.

*Martha Beach Soltis* for defendant.

Before: HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. We granted defendant's delayed application for leave to appeal the trial court's order denying his motion for resentencing. Because the trial court's calculation of defendant's minimum sentence range under the legislative sentencing guidelines was accurate, we affirm.

Defendant pleaded guilty to one count of second-degree home invasion, MCL 750.110a(3), on August 22, 2008. Defendant was sentenced on September 18, 2008. At the hearing, the trial court found that defendant's minimum sentence range was 50 to 100 months, and sentenced defendant to 75 to 180 months' imprisonment. Defendant did not challenge the information in his presentence investigation report (PSIR) or the scoring of the legislative sentencing guidelines at the hearing; however, on May 7, 2009, he filed a delayed application for leave to appeal in this Court. This Court denied the application, and defendant filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal.

On August 16, 2010, defendant filed motions for a *Ginther*[1] hearing and for resentencing in the trial court. The trial court denied defendant's motion for a *Ginther* hearing, but granted his motion for resentencing. A resentencing hearing was held on January 6, 2011, at which the parties stipulated that offense variable (OV) 11, MCL 777.41, had been improperly scored. Defendant did not challenge the scoring of his prior record variables (PRVs) or any of the other OVs at the hearing. Defendant's minimum sentence range was recalculated to be 36 to 71 months. The trial court noted that it still felt its original sentence was appropriate, and sentenced defendant to 71 to 180 months' imprisonment.

On June 30, 2011, defendant filed another motion for resentencing, and the trial court held a hearing on the motion on July 22, 2011.[2] At the hearing, defendant

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] The trial court noted that defendant's characterization of his motion as one for resentencing was incorrect because defendant had previously filed a motion for resentencing. The trial court noted that defendant's motion should have been categorized as a motion for postjudgment relief

argued that he had received ineffective assistance of counsel at his previous sentencing hearings and that there were several scoring errors in regard to the calculation of his minimum sentence range under the legislative sentencing guidelines, including errors in the scoring of PRV 1, MCL 777.51, PRV 2, MCL 777.52, and PRV 5, MCL 777.55. Specifically, defendant argued that PRV 1 was improperly scored because his convictions for burglaries in Ohio did not correspond to any Michigan felonies and, accordingly, could not be used as prior high-severity offenses under PRV 1. Defendant further argued that one of the convictions on which his PRV 2 score was based "does not exist," and that at least one of the offenses relied on for the PRV 5 score was not a crime that could be scored under PRV 5.

In a written order, the trial court denied defendant's request for resentencing, holding that defendant had failed to demonstrate ineffective assistance of counsel or any error in regard to the score assessed for PRV 1 or PRV 5. However, the trial court ordered that defendant's PSIR be corrected in regard to PRV 2 and OV 11.[3] Thereafter, defendant filed a delayed application for leave to appeal the trial court's order and this Court granted defendant's application. Defendant now ap-

pursuant to MCR 6.500 *et seq.* However, the trial court addressed the merits of defendant's arguments and denied relief on that basis.

[3] The prosecutor agreed that PRV 2 should have been scored at five points; however, the change did not affect defendant's minimum sentencing guidelines range. In regard to OV 11, the trial court noted that the parties had misspoken on the record at the earlier hearing when they stipulated the assessment of five points for OV 11, not OV 12, MCL 777.42; thus, the court stated that the five points assessed for OV 11 should be removed and assessed under OV 12 instead. This change similarly did not affect defendant's minimum sentencing guidelines range. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

peals the trial court's July 22, 2011, order denying his June 30, 2011, motion for resentencing. On appeal, defendant argues that the trial court erred by scoring 50 points under PRV 1 and by scoring 10 points under PRV 5. Defendant also claims ineffective assistance of counsel in regard to defense counsel's failure to object to the scoring of PRV 1 and PRV 5.

## I. STANDARD OF REVIEW

"This Court reviews a trial court's scoring decision under the sentencing guidelines to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009) (quotation marks and citations omitted). We will uphold a scoring decision if there is any evidence to support it. *Id.* "An appellate court must affirm minimum sentences that are within the recommended guidelines range, except when there is an error in scoring the sentencing guidelines or inaccurate information was relied on in determining the sentence." *Id.*; MCL 769.34(10). The interpretation of the statutory sentencing guidelines is a question of law that we review de novo. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001); *People v Waclawski*, 286 Mich App 634, 680; 780 NW2d 321 (2009).

Resolution of defendant's arguments on appeal requires statutory interpretation. We interpret statutes "to give effect to the intent of the Legislature as expressed by the statute's actual language" and "to enforce the statute's clear and unambiguous language without judicial construction." *People v Wood*, 276 Mich App 669, 671; 741 NW2d 574 (2007). A dictionary may be consulted to determine the meaning of a word that has not acquired a unique meaning at law. *Id.*

II. PRIOR RECORD VARIABLE 1

In regard to PRV 1, defendant argues that 50 points should not have been scored because his convictions for burglary in Ohio constitute prior low-severity felony convictions and, thus, should have been scored under PRV 2.

The purpose of Michigan's legislative sentencing guidelines is "to insure that sentencing decisions are based on a consistent set of legally relevant factors and that such factors are assigned equal importance for all offenders." *People v Whitney*, 205 Mich App 435, 436; 517 NW2d 814 (1994). Thus, the sentencing guidelines' factors "exist to insure that sentencing factors are weighted equally for all offenders." *Id.* at 437. Relevant here, the sentencing guidelines provide instructions for scoring a defendant's prior convictions, and the guidelines differentiate between prior high-severity and prior low-severity felony convictions. PRV 1 and PRV 2 consider prior felony convictions; PRV 1 is scored for prior high-severity felony convictions, and PRV 2 is scored for prior low-severity felony convictions. MCL 777.51; MCL 777.52.

In order for a felony conviction under another state's law to constitute a prior high-severity felony conviction for purposes of PRV 1, the defendant must have committed a crime in another state that corresponds to a crime listed in offense class M2, A, B, C, or D or a crime that is punishable by a maximum term of 10 years' imprisonment or more. MCL 777.51(2).[4] A felony con-

---

[4] MCL 777.51(2) provides:

As used in this section, "prior high severity felony conviction" means a conviction for any of the following, if the conviction was entered before the sentencing offense was committed:

(a) A crime listed in offense class M2, A, B, C, or D.

viction under another state's law constitutes a prior low-severity felony conviction for purposes of PRV 2 if the crime the defendant committed in another state corresponds to a crime listed in class E, F, G, or H or if the crime is not listed in class M2, A, B, C, D, E, F, G, or H and is punishable by a maximum term of imprisonment that is less than 10 years. MCL 777.52(2).[5] Thus, it is clear that by distinguishing high- and low-severity felony convictions the Legislature intended to provide sentencing courts with a mechanism for matching criminal conduct prohibited by other states with similar conduct prohibited by Michigan statutes, with the focus on the type of conduct and harm that each respective

---

(b) A felony under a law of the United States or another state corresponding to a crime listed in offense class M2, A, B, C, or D.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

[5] MCL 777.52(2) provides:

As used in this section, "prior low severity felony conviction" means a conviction for any of the following, if the conviction was entered before the sentencing offense was committed:

(a) A crime listed in offense class E, F, G, or H.

(b) A felony under a law of the United States or another state that corresponds to a crime listed in offense class E, F, G, or H.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years.

statute seeks to prevent and punish.

In this case, defendant was previously twice convicted of second-degree burglary in Ohio in violation of Ohio Rev Code Ann 2911.12(A)(2). Second-degree burglary is a felony under Ohio law, and second-degree felonies in Ohio are punishable by a maximum of eight years' imprisonment. Ohio Rev Code Ann 2929.14(A)(2).[6] Under MCL 777.51(2)(d), convictions for crimes punishable by a maximum term of imprisonment of 10 years or more need not correspond to any crime listed in offense class M2, A, B, C, D, E, F, G, or H and constitute prior high-severity felony convictions on the basis of the possible sentence alone. However, because the maximum sentence for a violation of Ohio Rev Code Ann 2911.12(A)(2) is eight years, MCL 777.51(2)(d) is not applicable in this case, and the requirements of MCL 777.51(2)(b) must be satisfied. Consequently, for defendant's two prior Ohio burglary convictions to be considered prior high-severity felony convictions under PRV 1, Ohio Rev Code Ann 2911.12(A)(2) must "correspond" to a Michigan crime listed in offense class M2, A, B, C, or D. MCL 777.51(2)(b).

MCL 777.51 does not define "corresponding," and this Court has never interpreted the term.[7] Thus, the precise meaning of "corresponding" is an issue of first impression. Any term not defined by the statute "should be accorded its plain and ordinary meaning, taking into account the context in which the words are used . . . ." *People v Lange*, 251 Mich App 247, 253; 650 NW2d 691 (2002). *Random House Webster's College*

---

[6] Defendant's PSIR indicates he was sentenced to two years' imprisonment for each burglary conviction.

[7] Similarly, MCL 777.52, MCL 777.53, and MCL 777.54, which mirror MCL 777.51 and respectively address the scoring of PRV 2, PRV 3, and PRV 4, do not define the term "corresponding."

*Dictionary* (1997) defines "correspond" as "to be in agreement or conformity; match" and also as "to be similar or analogous."

Under the first definition of "correspond," MCL 777.51(2)(b) would require a felony under a law of the United States or another state "to be in agreement or conformity" with or to "match" a crime listed in offense class M2, A, B, C, or D in order for the felony conviction to be scored under PRV 1. However, reading the definition further, a "similar or analogous" crime is also sufficient. Considering the context in which the term "correspond" appears, *Lange*, 251 Mich App at 253, we conclude that this second definition of "correspond," defining it as "similar or analogous," is the appropriate plain and ordinary definition to apply in this case. Different states often have analogous laws describing essentially the same crime(s), while the specific statutory language used to define those crimes often differs from state to state. Requiring that the offenses match or agree almost exactly would contravene the apparent intent of the Legislature, which is to permit scoring of all convictions for offenses in the listed classes and any analogous offenses committed in another state. Clearly, the goal of the "corresponding" requirement is to ensure that convictions for out-of-state crimes and in-state crimes under statutes that seek to prevent the same harm are scored in the same category. Thus, the Legislature could not have intended that minor differences between the wording of a Michigan criminal statute and its analog in a different state would result in the out-of-state conviction's not being counted as a prior offense if the two statutes address the same type of conduct. As such, in the context of MCL 777.51(2)(b), "corresponding" would be more appropriately construed as being "similar or analogous." "Analogous" is defined as "corresponding in some particular" and

"similar" is defined as "having qualities in common." *Random House Webster's College Dictionary* (1997). In light of this definition of "corresponding," the precise issue before us is whether Ohio Rev Code Ann 2911.12(A)(2), which defines the felony of second-degree burglary in Ohio, defines a crime that is similar or analogous to a Michigan crime in a high-severity crime class.

Ohio Rev Code Ann 2911.12(A)(2) provides:

> No person, by force, stealth, or deception, shall do any of the following:
>
> \* \* \*
>
> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]

Initially, we note that Michigan's home invasion statute and Ohio's burglary statute seek to prohibit the same type of conduct generally, and, thus, broadly correspond to each other. However, MCL 777.51(2)(b) clearly requires that the Ohio offense correspond "to *a* crime listed in offense class M2, A, B, C, or D" in order to be scored as a prior high-severity felony conviction under PRV 1. (Emphasis added.) Thus, the fact that Ohio's burglary statute seeks to protect against the same type of harm as Michigan's home invasion statute is not sufficient to score defendant's prior Ohio convictions under PRV 1 because defendant's Ohio convictions must correspond to a specific Michigan crime in the appropriate class.

Under Michigan law, home invasion is divided into three degrees. First-degree home invasion,

MCL 750.110a(2), is a class B offense; second-degree home invasion, MCL 750.110a(3), is a class C offense; and third-degree home invasion, MCL 750.110a(4), is a class E offense. MCL 777.16f. All three degrees of home invasion share two common elements (1) breaking and entering or entering without permission and (2) that the entered structure be a dwelling. MCL 750.110a. "Dwelling" is defined as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL 750.110a(1)(a).

We begin by observing that the two elements shared by all three degrees of home invasion under Michigan's statute correspond to elements of Ohio Rev Code Ann 2911.12(A)(2). First, the element of breaking and entering or entering without permission clearly corresponds to the Ohio element requiring trespass by force, stealth, or deception. Next, Michigan's dwelling element that addresses the type of structure being entered corresponds to the Ohio requirement that the trespass occur in "an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present . . . ." Ohio Rev Code Ann 2911.12(A)(2). The dwelling element in the Michigan statute corresponds to Ohio's requirements because in Michigan, "the intent of the inhabitant to use a structure as a place of abode is the primary factor" used to determine whether a structure constitutes a dwelling within the context of MCL 750.110a. *People v Powell*, 278 Mich App 318, 321; 750 NW2d 607 (2008). "The owner's temporary absence, the duration of any absence, or a structure's habitability will not automatically preclude a structure from being considered a dwelling for purposes of the home-invasion

statute." *Id.* at 322. Ohio's statutory definition of "occupied structure," Ohio Rev Code Ann 2909.01(C),[8] is analogous to Michigan's definition of "dwelling" in this context.

In addition to these common elements that are indistinguishable, the Ohio statute at issue requires that the offender act "with purpose to commit . . . any criminal offense[.]" Ohio Rev Code Ann 2911.12(A)(2). Under Michigan's statutory scheme, this element is expressed differently in the three degrees of home invasion. First-degree home invasion requires either that the offender be armed with a dangerous weapon or that another person be lawfully present in the dwelling. MCL 750.110a(2). Second-degree home invasion in Michigan requires only that the offender possess the intent to commit a felony, larceny, or assault or actually commit a felony, larceny, or assault while inside the dwelling. MCL 750.110a(3). Finally, third-degree home invasion, in addition to the common elements, requires only the intent to commit a misdemeanor or the actual

---

[8] Ohio Rev Code Ann 2909.01(C) provides, in pertinent part:

"Occupied structure" means any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.

(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.

(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.

(4) At the time, any person is present or likely to be present in it.

commission of a misdemeanor while inside the dwelling. MCL 750.110a(4).[9] Thus, the remaining question is which, if any, intent element of Michigan's three degrees of home invasion corresponds to the intent element of Ohio Rev Code Ann 2911.12(A)(2).

At the outset, we eliminate first-degree home invasion as a Michigan statute to which Ohio Rev Code Ann 2911.12(A)(2) corresponds because our first-degree home invasion statute is clearly meant to prohibit a greater type of harm than that which Ohio Rev Code Ann 2911.12(A)(2) seeks to prevent. Next, we note that the only difference between second- and third-degree home invasion is the intent element. Second-degree home invasion requires the intent to commit a felony, larceny, or assault; whereas, third-degree home invasion requires only the intent to commit a misdemeanor. By comparison, Ohio Rev Code Ann 2911.12(A)(2) does not distinguish between felonies and misdemeanors or by the type of offense committed; it requires only an intent to commit "any criminal offense." Thus, a person guilty of violating Ohio Rev Code Ann 2911.12(A)(2)

---

[9] Ohio, like Michigan, separates the crime of burglary, its analog to home invasion, into degrees. Ohio's statutory scheme recognizes four degrees of the crime. Like first-degree home invasion in Michigan, "aggravated burglary" in Ohio is a felony of the first degree that includes the elements of the lesser burglary degrees but also requires that another person be present at the time and that the offender inflict or attempt or threaten to inflict physical harm on another or that the offender have a deadly weapon on their person or under their control. Ohio Rev Code Ann 2911.11. The likelihood of the presence of another individual and criminal intent differentiates the second, third, and fourth degrees of burglary. Second-degree burglary requires that another person be present or likely to be present; whereas third-degree burglary requires only trespass into an occupied structure with the intent to commit any criminal offense regardless of whether another person is likely to be present. The fourth-degree felony concerns "trespass in a habitation when a person is present or likely to be present," and does not require that the offender have any intent to commit a criminal offense. Ohio Rev Code Ann 2911.12.

would, if the person had committed the offense in Michigan, be guilty of either second-degree home invasion or third-degree home invasion depending on the nature of the intended criminal offense.

While we recognize that this is a close question under these circumstances, we conclude that Ohio Rev Code Ann 2911.12(A)(2) corresponds to second-degree home invasion, MCL 750.110a(3). A person who intends to commit "any criminal offense" may in fact intend to commit a felony, a larceny, or an assault; thus, at least some of the offenders found guilty of violating Ohio Rev Code Ann 2911.12(A)(2) would have violated MCL 750.110a(3) had the conduct occurred in Michigan. In order to be scored under PRV 1, an out-of-state felony must only "correspond" to a crime in a listed offense class. The plain meaning of "correspond" does not require statutes to mirror each other under all circumstances; rather, it requires only that statutes be analogous or similar, meaning that they have "qualities in common." *Random House Webster's College Dictionary* (1997). Here, while exact matching is not required, almost all the elements of Ohio Rev Code Ann 2911.12(A)(2) and MCL 750.110a(3) do in fact match. Further, the one element of Ohio Rev Code Ann 2911.12(A)(2) that does not exactly match MCL 750.110a(3) still encompasses all offenders who intend to commit a felony, larceny, or assault as required by MCL 750.110a(3). The only difference is Ohio Rev Code Ann 2911.12(A)(2) also encompasses offenders who intend to commit other crimes. Thus, we conclude that the statutes are sufficiently similar to satisfy the plain meaning of the term "correspond" as required for scoring under PRV 1.

### III. PRIOR RECORD VARIABLE 5

Next, defendant argues that PRV 5 was improperly scored because he does not have the required number of

prior misdemeanor convictions and prior misdemeanor juvenile adjudications that were an offense "against a person or property, a controlled substance offense, or a weapon offense" as required by MCL 777.55(2)(a).

Ten points should be scored under PRV 5 when "[t]he offender has 3 or 4 prior misdemeanor convictions or prior misdemeanor juvenile adjudications[.]" MCL 777.55(1)(c). Qualifying convictions or adjudications from other states constitute prior misdemeanor convictions. MCL 777.55(3). A conviction or adjudication should be counted only if "it is an offense against a person or property, a controlled substance offense, or a weapon offense." MCL 777.55(2)(a).

According to defendant's PSIR, he had two juvenile adjudications in California, one for an assault in August 1999 and one for a petty theft in 2001. Defendant was convicted in Ohio as an adult of possession or illegal use of drug paraphernalia in July 2002; and he was twice convicted of disorderly conduct (September 2002 and January 2008). The PSIR also indicates that defendant pleaded guilty of the crime of "attempt[ing] to commit an offense"; this plea stemmed from a charge of possession or use of drugs. The trial court did not specify which of defendant's previous offenses it relied on to score PRV 5, but it did state that defendant "was correctly scored 10 points as in the end it will be seen that he had 3 or 4 qualifying convictions or adjudications. If one were to ignore the contest over the conviction for 'drug paraphernalia,' he would still have three qualifying offenses under PRV 5."

The juvenile adjudication for the assault concerns an offense against a person and the juvenile adjudication for the petty theft concerns an offense against property; thus, these adjudications were properly scored under PRV 5. However, the information contained in the PSIR

indicates that defendant's disorderly conduct convictions were not for offenses "against a person or property, a controlled substance offense, or a weapon offense" and, accordingly, cannot be scored under PRV 5. Thus, in order for 10 points to be properly assessed, either defendant's conviction of possession of drug paraphernalia or his attempt conviction must qualify as a prior misdemeanor conviction under PRV 5.

Defendant first argues that his Ohio conviction for attempting to commit an offense cannot be scored under PRV 5 because it is not a conviction for a controlled-substance offense. Specifically, defendant argues that his conviction was for an attempt only and that, because he was not actually convicted of the originally charged drug crime, his attempt conviction does not constitute "an offense against a person or property, a controlled substance offense, or a weapon offense." MCL 777.55(2)(a). We disagree.

Defendant pleaded guilty of attempting to commit an offense in violation of Ohio Rev Code Ann 2923.02(A), which provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Ohio Rev Code Ann 2923.02(E)(1) sets forth the penalties for the offense of attempting to commit an offense. The penalty for an attempt to commit an offense in Ohio is tied to the underlying crime that was attempted. Pertinent to this case, Ohio Rev Code Ann 2923.02(E)(1) provides:

> An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount

or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt.

Thus, Ohio's attempt statute specifically ties an attempt conviction to the crime attempted, contrary to defendant's argument that his attempt conviction should be completely severed from the original substance-abuse charge.

Defendant's PSIR clearly indicates that the original charge leading to his attempt plea was a controlled-substance charge. Thus, the trial court did not err by classifying the attempt conviction as a controlled-substance offense. We must uphold a scoring decision if there is any evidence to support it. *Steele*, 283 Mich App at 490. The attempt conviction constitutes the third qualifying prior misdemeanor. Ten points should be scored under PRV 5 when a defendant has three or four qualifying prior misdemeanor convictions or misdemeanor juvenile adjudications. MCL 777.55(1)(c). Thus, the trial court did not err by scoring 10 points under PRV 5 because defendant has at least three qualifying prior misdemeanor convictions or juvenile adjudications.[10]

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he received ineffective assistance of counsel at his first two sentencing hearings

---

[10] Defendant also argues that his drug-paraphernalia conviction does not constitute a conviction for a controlled substance offense and, accordingly, could not be counted under PRV 5. While we acknowledge that this is a much closer question, we need not address this argument because only three prior misdemeanor convictions or juvenile adjudications are necessary for a score of 10 points under PRV 5. Accordingly, any error by the trial court in relying on defendant's drug-paraphernalia conviction would not affect defendant's ultimate PRV 5 score and, thus, not affect his minimum sentence range. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

because his attorney failed to object to the scoring of PRV 1 and PRV 5. Although defendant raised this issue in his motion for resentencing, no evidentiary hearing was held in regard to defendant's claims of ineffective assistance of counsel; accordingly, our review of defendant's claims is limited to errors apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). In order to prevail on a claim of ineffective assistance of counsel, the burden is on the defendant to demonstrate that defense counsel's performance fell below an objective standard of reasonableness and that the deficiency so prejudiced the defendant as to deprive him or her of a fair trial. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). Prejudice occurs if there is a reasonable probability that, but for defense counsel's error, the result of the proceedings would have been different. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

In regard to defense counsel's failure to object to the scoring of PRV 1, in order to object, defense counsel would have had to argue against scoring defendant's prior Ohio burglary convictions under PRV 1 on the basis of unclear, undefined statutory language without any Michigan caselaw to provide guidance on the issue. Under these circumstances, we conclude that defendant has failed to demonstrate that defense counsel's performance fell below an objective standard of reasonableness. Defense counsel "cannot be deemed deficient for failing to advance a novel legal argument." *People v Reed*, 453 Mich 685, 695; 556 NW2d 858 (1996). Moreover, the scoring of PRV 1 was finally objected to at the final resentencing hearing, albeit by new defense counsel, and the trial court rejected defendant's theory and held that PRV 1 was properly scored. Accordingly, while a successful objection to PRV 1 would have changed defendant's minimum sentencing guidelines range, de-

fendant has failed to demonstrate that any earlier objection to the scoring of PRV 1 would have been successful in light of the fact that the trial court rejected such an objection when it was raised. Thus, defendant has failed to demonstrate prejudice.

In regard to PRV 5, defendant has failed to demonstrate that counsel's performance was deficient because, as already discussed, PRV 5 was properly scored. Defense counsel was not ineffective for failing to make a futile objection. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

Affirmed.

HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ., concurred.