# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DESHAWN OUTTOEE,

Defendant-Appellant.

UNPUBLISHED
November 12, 2015

No. 322719
Washtenaw Circuit Court
LC No. 13-001393-FH

Before: GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Deshawn Outtoee, appeals by right his jury conviction of first-degree criminal sexual conduct (CSC). MCL 750.520b. The trial court sentenced Outtoee to serve 5 to 25 years in prison for his conviction. Because we conclude there were no errors warranting a new trial or resentencing, we affirm.

Outtoee first argues that, because the police department did not record his interrogations as required under MCL 763.8, the jury should have been instructed that it could consider the absence of a recording of the interrogations in evaluating the evidence relating to his statements. He claims that the trial court erred by failing to give the jury instruction, and his trial lawyer was ineffective for failing to request it. This Court reviews unpreserved claims of error such as this one for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In addition, where there has been no evidentiary hearing on a claim of ineffective assistance of counsel, this Court "will determine whether the performance of defendant's trial counsel amounted to ineffective assistance of counsel by examining the lower court record alone." *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864. This Court reviews de novo the proper interpretation of a statute. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004).

Under MCL 763.8(2), a law enforcement official who interrogates "an individual in custodial detention regarding the individual's involvement in the commission of a major felony" generally must record the interrogation. However, the requirement does not apply until after certain requirements are met: "This section applies if the law enforcement agency has audiovisual recording equipment that is operational or accessible as provided in section 11(3) or (4) or upon the expiration of the relevant time periods set forth in section 11(3) or (4), whichever occurs first." MCL 763.8(1). If the law enforcement official does not record the interrogation,

the trial court must, absent certain situations not relevant here, instruct the jury "that it is the law of this state to record statements of an individual in custodial detention who is under interrogation for a major felony" and that it "may consider the absence of a recording in evaluating the evidence relating to the individual's statement." MCL 763.9.

The provision that MCL 763.8(1) cross-references, MCL 763.11 provides:

(1) The commission on law enforcement standards . . . shall set quality standards for the audiovisual recording of statements under . . . [MCL 763.8] and standards for geographic accessibility of equipment in the state. . . .

* * *

(3) Except as otherwise provided in subsection (4), law enforcement agencies shall implement sections 7 to 10 of this chapter and this section within 120 days after receiving funds under this section from the commission on law enforcement standards or acquiring access to audiovisual recording equipment as directed by the standards set forth by that commission.

(4) Notwithstanding subsection (3), a law enforcement agency shall comply with the provisions of the amendatory act that added this subsection within 60 days after the date the commission adopts the standards for audiovisual recording equipment required by this section if the law enforcement agency has audiovisual recording equipment that complies with those standards on that date, or within 60 days after the date the law enforcement agency subsequently obtains audiovisual recording equipment that complies with the adopted standards.

The commission adopted the applicable standards for audiovisual recording equipment in September 2013, and, as of that date, no funds under MCL 763.11 were yet appropriated to law enforcement agencies. In this case, an officer first interviewed Outtoee in August 2013 and the second interview occurred in September 2013, but before the commission adopted the standards.

Subsection (4) provides two alternative time periods. Under the first alternative, a law enforcement agency must comply with MCL 763.8 within 60 days after "the date the commission adopts the standards for audiovisual recording equipment required by this section if the law enforcement agency has audiovisual recording equipment that complies with those standards on that date . . . ." MCL 763.11(4). Under the second alternative, the measuring date is "within 60 days after the date the law enforcement agency subsequently obtains audiovisual recording equipment that complies with the adopted standards." *Id.* Thus, at a minimum, the alternate timeframe would be 60 days after the date the commission adopted the standards, because a law enforcement agency cannot obtain equipment that complies with the adopted standards until there actually are adopted standards. Further, the use of the word "subsequently" indicates that the Legislature intended the second alternative to be a date after the date in the first alternative. Therefore, under both alternatives, law enforcement agencies were not required to comply with the recording requirement for Outtoee's interrogations.

Even under subsection (3), which also provides two alternative timeframes, the police department was not required to comply with MCL 763.8 when interviewing Outtoee. Under the first alternative, the applicable date would be sometime after September 2013, because no funds had yet been appropriated for law enforcement agencies. See MCL 763.11(3). Under the second alternative, the applicable date would also be sometime after September 2013, because law enforcement agencies cannot "acquir[e] access to audiovisual recording equipment as directed by the standards set forth by that commission" until there are actually standards adopted by the commission. *Id.* Accordingly, the officers in this case had no obligation to record Outtoee's interrogations. Because the interrogations did not have to be recorded under MCL 763.8, a jury instruction was not required under MCL 763.9. Thus, the trial court did not plainly err. *Carines*, 460 Mich at 763. And Outtoee's trial lawyer cannot be faulted for failing to raise a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Outtoee next argues that the trial court erred when it scored two points under prior record variable (PRV) 5. This Court reviews a trial court's factual findings underlying the scoring of a sentencing variable for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts are sufficient to satisfy the scoring conditions "is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

A trial court must score PRV 5 on the basis of the defendant's "prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Generally, a prior misdemeanor should only be scored for PRV 5 if " 'it is an offense against a person or property, a controlled substance offense, or a weapon offense.' " *People v Crews*, 299 Mich App 381, 397; 829 NW2d 898 (2013), quoting MCL 777.55(2)(a). For purposes of PRV 5, we look to the Presentence Investigation Report (PSIR) and the prior offense to determine whether it was an offense against a person or property, a controlled substance offense, or a weapon offense. See, e.g., *id.* at 397-398.

Here, the trial court scored PRV 5 at two points on the basis of Outtoee's prior misdemeanor conviction of "disorderly person-jostling." MCL 750.167(1)(l) provides that "a person is a disorderly person if the person is . . . [a] person who is found jostling or roughly crowding *people* unnecessarily in a public place" (emphasis added). The offense of disorderly person-jostling, by definition, involves an act against a person. Therefore, because the PSIR indicated that Outtoee's prior misdemeanor conviction was for "disorderly person-jostling," and because disorderly person-jostling is an act against the person, it is "an offense against a person" for the purposes of PRV 5. See *Crews*, 299 Mich App at 396-398. Outtoee's reliance on *People v Wiggins*, 289 Mich App 126; 795 NW2d 232 (2010), and *People v Bonilla-Machado*, 489 Mich 412; 803 NW2d 217 (2011), is misplaced because those cases involved the scoring of offense variables—not PRV 5, which involves prior misdemeanor convictions or prior juvenile adjudications. The offense categories designated in MCL 777.5 define the offenses listed in MCL 777.11 *et seq.*, which encompasses the felonies subject to the sentencing guidelines—it does not contain misdemeanor and juvenile offenses. See MCL 777.11 *et seq.* In sum, the information contained in the PSIR indicates that Outtoee's disorderly person-jostling conviction was an offense against a person for the purposes of PRV 5. *Crews*, 299 Mich App at 397-398. The trial court did not err in scoring two points under PRV 5.

Outtoee has not established any errors warranting a new trial or resentencing.

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly