*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LERON ANTONIO GAINES,

Defendant-Appellant.

UNPUBLISHED
May 21, 2020

No. 345843
Calhoun Circuit Court
LC No. 2018-000676-FH

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of unarmed robbery. On appeal, defendant argues that his trial counsel rendered constitutionally ineffective assistance of counsel because she did not challenge the admissibility of a jacket found during a search of the apartment where defendant was arrested. Because defendant's argument is without merit, we affirm.

## I. BACKGROUND

The case arose from a purse snatching. The victim testified that a man ran up behind her and grabbed her purse while she was walking to her vehicle. A witness who was driving nearby at the time of the incident followed the man who took the purse until he entered a multiunit house. The witness called the police and waited outside the house until officers arrived. Both the victim and one of the men who chased the suspect told police that the man was wearing a brown leather jacket.

Battle Creek Police Department Sergeant Chad Fickle, one of the responding officers, testified that police immediately took positions on each side of the house to ensure that no one escaped. Sergeant Fickle stated that the front door of the house opened to a hallway with doors leading to an upstairs apartment and a downstairs apartment. Although a witness told the officers that the suspect had gone into the upstairs apartment, the officers were not able to contact the suspect immediately. Sergeant Fickle testified that he was in the process of obtaining a search warrant for the upstairs apartment when he heard on the radio that other officers had made contact with a male subject who was in the upstairs apartment, but was refusing to open the door.

-1-

Sergeant Fickle testified that he immediately entered the house and spoke with the male subject through the door to the upstairs apartment. The male subject declined to open the door and stated that his girlfriend told him not to open the door for anyone. According to Sergeant Fickle, the male subject also admitted that he was not supposed to be at the apartment because he was not allowed to have contact with his girlfriend. The male subject eventually opened the door and exited into the hallway where police detained him. Sergeant Fickle identified defendant as the man whom police detained and stated that defendant fit the description of the suspect. Two witnesses also identified defendant as the man who committed the robbery.

After police detained defendant, they conducted a protective sweep of the upstairs apartment. Sergeant Fickle explained that police did so because defendant told the officers that his cousin had stopped by the apartment and left after defendant would not open the door. Although Sergeant Fickle did not believe defendant's story, he believed that the protective sweep was necessary because defendant claimed another person was involved, and police wanted to ensure that no one who posed a threat to the safety of the officers or the downstairs residents was hiding in the upstairs apartment.

Sergeant Fickle stated that he did not find anyone else in the apartment during the protective sweep, but he observed a brown leather jacket in a closet that matched the description of the jacket that the suspect had been wearing when he committed the crime. After conducting the protective sweep, Sergeant Fickle spoke with the resident of the upstairs apartment, and she consented to accompany him back into the apartment and allowed police to collect the brown leather jacket. The prosecutor admitted the jacket into evidence at trial.

The jury convicted defendant of unarmed robbery, MCL 750.530. The trial court sentenced him as a second-offense habitual offender, MCL 769.10, to a term of 36 to 270 months in prison. This appeal followed.

II. ANALYSIS

On appeal, defendant argues that his trial counsel was ineffective by failing to object to the admission of the jacket into evidence. Defendant argues that police obtained the jacket as the result of an unconstitutional search. Assuming without deciding that defendant had standing to challenge the search, we conclude that the evidence was not obtained in violation of defendant's Fourth Amendment rights because the police officers' protective sweep of the apartment was properly conducted under exigent circumstances and the subsequent search, during which the police collected the evidence, was properly conducted with the consent of the apartment's resident.

A defendant's claim of ineffective assistance of counsel is a "mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court "reviews for clear error the trial court's findings of fact and reviews de novo questions of law." *People v Lane*, 308 Mich App 38, 67-68; 862 NW2d 446 (2014). Because the trial court did not hold an evidentiary hearing on defendant's ineffective-assistance claim, this Court's review is limited to the facts on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). To establish ineffective assistance of counsel, a defendant must show "(1) that the attorney's performance was objectively unreasonable in light of prevailing professional norms and (2) that, but for the attorney's error or errors, a different outcome reasonably would have resulted."

*People v Harmon*, 248 Mich App 522, 531; 640 NW2d 314 (2001). Defense counsel cannot be ineffective for failing to make a futile objection. *People v Crews*, 299 Mich App 381, 401; 829 NW2d 898 (2013).

The Fourth Amendment protects against government searches that intrude upon "an individual's reasonable, or justifiable, expectation of privacy." *People v Chowdhury*, 285 Mich App 509, 523; 775 NW2d 845 (2009) (cleaned up). This right, however, "is personal and may not be invoked by third parties." *People v Brown*, 279 Mich App 116, 130; 755 NW2d 664 (2008). Therefore, before an individual may "challenge a search, the individual must have had a legitimate expectation of privacy in the place or location searched, which expectation society recognizes as reasonable." *Id*. Given the no-contact order against defendant, there is an interesting question whether he had a legitimate expectation of privacy in his girlfriend's apartment. This interesting question, however, will remain unanswered because there is a more straightforward way to resolve the issue.

Assuming without deciding that defendant had a legitimate expectation of privacy, his Fourth Amendment challenge still fails. "As a general rule, searches conducted without a warrant are per se unreasonable under the Fourth Amendment unless the police conduct falls under one of the established exceptions to the warrant requirement." *People v Beuschlein*, 245 Mich App 744, 749; 630 NW2d 921 (2001). Exceptions to the warrant requirement include consent and exigent circumstances. *People v Davis*, 442 Mich 1, 10; 497 NW2d 910 (1993). A person in possession of property may consent to a search of the property without a warrant. *People v Mahdi*, 317 Mich App 446, 460; 894 NW2d 732 (2016). Exigent circumstances exist "in cases of actual emergency if there are specific and objective facts indicating that immediate action is necessary to (1) prevent the imminent destruction of evidence, (2) protect the officers or others, or (3) prevent the escape of a suspect." *Chowdhury*, 285 Mich App at 526 (cleaned up). Moreover, a limited protective sweep following an in-home arrest is permitted under the Fourth Amendment "if the police reasonably believe that the area in question harbors an individual who poses a danger to them or to others." *Beuschlein*, 245 Mich App at 757.

In this case, defendant's statements regarding his cousin provided the police a specific reason to be concerned that someone else was present in the apartment who posed a potential threat to the officers and the downstairs residents. This was especially true given Sergeant Fickle's testimony that he did not believe defendant's story and, therefore, did not trust defendant's claim that his cousin had already left the premises. The quick and limited protective sweep of the apartment in this case was reasonable on these facts. See *id*. at 757-758.

Additionally, Sergeant Fickle testified that, although he believed that the officers had detained the robbery suspect because defendant matched the suspect's description, a protective sweep was necessary to confirm that no other potential suspect was hiding in the apartment and to prevent an escape. Because preventing the escape of a suspect constitutes an exigent circumstance and an exception to the warrant requirement, the officers' search of the apartment to prevent the escape of another potential suspect was reasonable under the circumstances. See *Chowdhury*, 285 Mich App at 526.

Here, the police did not obtain the jacket in violation of defendant's Fourth Amendment rights because the officer's initial protective sweep of the apartment, during which they discovered

the jacket, was properly conducted under exigent circumstances and the subsequent search, during which the officers collected the jacket, was properly conducted with the consent of the apartment's resident. Consequently, defense counsel was not ineffective for failing to object to the admission of properly obtained evidence. See *Crews*, 299 Mich App at 401.

Affirmed.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly