# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH ANTHONY TAYLOR,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2015

No. 318526
Wayne Circuit Court
LC No. 13-001078-FH

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of operating with a suspended license causing death, MCL 257.904(4), and leaving the scene of an accident causing death, MCL 257.617(3). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 19 to 80 years in prison for each conviction. We affirm.

Defendant first argues that he is entitled to resentencing because prior record variable (PRV) 2 was improperly scored. We disagree.

The trial court's factual determinations under the sentencing guidelines are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

Twenty points may be assessed for PRV 2 if "[t]he offender has three prior low severity felony convictions." MCL 777.52(1)(b). A "prior low severity felony conviction" is a conviction, entered before the sentencing offense, of (1) a crime listed in offense class E, F, G, or H; (2) a felony under a law of the United States or another state that corresponds to a crime listed in offense class E, F, G, or H; (3) a felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years; or (4) a felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years. MCL 777.52(2); see also *People v Crews*, 299 Mich App 381, 388-389; 829 NW2d 898 (2013). When scoring PRV 2, a court may not use a conviction "that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a

-1-

conviction or juvenile adjudication." MCL 777.50(1). The court is required to determine "whether, starting with the present offense, there was ever a gap of 10 or more years between a discharge date and a subsequent commission date that would cut off the remainder of [the defendant's] prior convictions or juvenile adjudications." *People v Billings*, 283 Mich App 538, 552; 770 NW2d 893 (2009).

In this case, defense counsel did not raise any objections to the scoring of PRV 2 at sentencing, and because no objections were made, the trial court did not make any factual findings with respect to PRV 2. The Presentence Investigation Report lists defendant's prior convictions. In 2008, defendant was convicted in Tennessee of burglary other than habitation, Tenn Code Ann § 39-14-202. Defendant's burglary other than habitation conviction corresponds to the crime of breaking and entering, MCL 750.110, which is a crime listed in offense class D. See MCL 777.16f. Because the corresponding Michigan crime is not listed in offense class E, F, G, or H, defendant's Tennessee conviction of burglary other than habitation is not a prior low severity felony conviction.

In 2001, defendant was convicted of burglary in an unknown state,[1] but was sentenced to 15 years in prison. Thus, the burglary conviction is not considered a low severity felony because the maximum term of imprisonment was not less than 10 years.

In 1998, defendant was convicted in Michigan of armed robbery, MCL 750.529, a crime listed in offense class A. See MCL 777.16y. Because armed robbery is a crime listed in offense class A, it is not a crime listed in offense class E, F, G, or H. Thus, defendant's armed robbery conviction is not a prior low severity conviction.

In 1997, defendant was convicted in Alabama of second-degree bail jumping, Ala Code § 13A-10-40, a misdemeanor. Because second-degree bail jumping is not a felony, it does not constitute a prior low severity felony conviction.

In 1996, defendant was convicted in Tennessee of criminal trespass, Tenn Code Ann § 39-14-405. Because criminal trespass is a misdemeanor, it does not constitute a prior low severity felony conviction.

Also in 1996, defendant was convicted in Tennessee of possession of unlawful drug paraphernalia, Tenn Code Ann § 39-17-425. Possession of unlawful drug paraphernalia is a misdemeanor. Thus, defendant's Tennessee conviction of possession of unlawful drug paraphernalia is not considered a prior low severity felony conviction.

Again in 1996, defendant was convicted in Alabama of third-degree armed robbery, Ala Code § 13A-8-43. Defendant's third-degree armed robbery conviction corresponds to armed robbery, MCL 750.259, which is a crime listed in offense class A. Because armed robbery is not

---

[1] Because the Presentence Investigation Report does not specify the state where defendant was convicted, it is difficult to determine the offense class to which this out-of-state conviction most closely corresponds.

an offense listed in classes E, F, G, or H, defendant's Alabama third-degree armed robbery conviction does not constitute a prior low severity felony conviction.

In 1995, defendant was convicted in Tennessee of theft of a vehicle, Tenn Code Ann § 39-14-405, which is a misdemeanor. Therefore, defendant's conviction of theft of a vehicle does not constitute a prior low severity felony conviction.

In 1995 and 1994, defendant was convicted of theft up to $500, Tenn Code Ann 39-14-105(1), which is a misdemeanor. Because theft up to $500 is a misdemeanor, it does not constitute a prior low severity felony conviction.

In 1994, defendant was convicted in Michigan of armed robbery, MCL 750.529, and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. As stated above, armed robbery is crime listed in offense class A and does not constitute a low severity felony conviction. Felony-firearm is not listed in any of the classes M2-H, but is punishable by a maximum term of imprisonment of less than 10 years. Therefore, defendant's felony-firearm conviction constitutes a low severity felony conviction.

Defendant only has one prior low severity conviction, the 1994 felony-firearm conviction. When a defendant has one prior low severity conviction, five points are properly assessed for PRV 2. MCL 777.52(1)(d).

Operating with a suspended license causing death, MCL 257.904(4), and leaving the scene of an accident causing death, MCL 257.617(3), are both class C felonies. MCL 777.12e; MCL 777.12h. With 20 points assessed for PRV 2, defendant had a total PRV score of 130, placing him in PRV level F on the sentencing grid for class C felonies. Defendant's total offense variable (OV) score was 75, placing him in OV level VI on the sentencing grid for class C felonies. MCL 777.64. Accordingly, defendant's minimum guidelines range, as a fourth habitual offender, was 62 to 228 months. MCL 777.64; MCL 777.21(3)(c). Even if the trial court had properly assessed only five points for PRV 2, defendant still would have remained squarely within PRV level F on the sentencing grid for class C felonies. MCL 777.64. As a consequence, his minimum sentencing guidelines range, as a fourth habitual offender, would have remained unchanged at 62 to 228 months. The trial court's erroneous scoring of the guidelines does not require resentencing because the error has not altered defendant's recommended minimum guidelines range. *People v Phelps*, 288 Mich App 123, 136; 791 NW2d 732 (2010).

Defendant also argues that OV 12 was improperly scored. We disagree. Five points may be assessed for OV 12 when "one contemporaneous felonious criminal act involving a crime against a person was committed" or "two contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(d) and (e). A felonious criminal act is contemporaneous if the act occurred within 24 hours of the sentencing offense and has not and will not result in a separate conviction. MCL 777.42(2)(a); see also *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010).

In this case, defendant committed a contemporaneous felonious criminal act involving a crime against a person. Second-degree murder is a crime against a person. See MCL 777.16p.

Although defendant was acquitted of second-degree murder, "situations may arise wherein although the factfinder declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing." *People v Ratkov (After Remand)*, 201 Mich App 123, 126, 505 NW2d 886 (1993).

Second-degree murder consists of the following elements: " '(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse.' " *People v Aldrich*, 246 Mich App 101, 123; 631 NW2d 67 (2001), quoting *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999). Malice is defined as " 'the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.' " *Aldrich*, 246 Mich App at 123 (citation omitted). " 'The offense of second-degree murder does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences.' " *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009), quoting *Mayhew*, 236 Mich App at 125.

Sufficient evidence was presented to prove that defendant committed second-degree murder by a preponderance of the evidence. Testimony showed that defendant caused the car accident and Craig Buchanon's death by "deliberately" driving his vehicle into Buchanon's vehicle. Additionally, a "substantial amount of force" was required for defendant's "smaller vehicle" to force Buchanon's "larger vehicle" into the median wall. The amount of force was substantial enough to push Buchanon's vehicle "up onto the [median] wall to the point where [Buchanon's vehicle] start[ed] to roll over." Moreover, evidence was presented that defendant did not attempt to "disengage" his vehicle from Buchanon's vehicle at any point during the car accident. The sentencing court could reasonably conclude that defendant acted with malice because defendant acted in wanton and willful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. Defendant deliberately drove his vehicle into Buchanon's vehicle, which was traveling at 70 miles per hour, with enough force to cause Buchanon's vehicle to roll over upon hitting the median wall. Defendant's act of driving with malice and with wonton disregard for Buchanon's life was a separate act from the behavior establishing the sentencing offense, occurred within 24 hours of the sentencing offense, and will not result in a separate conviction as defendant was acquitted of second-degree murder. The evidence established, by a preponderance of the evidence, that defendant committed a contemporaneous felonious criminal act involving a crime against a person. The trial court properly assessed five points for OV 12.

Defendant also argues that the trial court erred by engaging in judicial fact finding when scoring OV 17, in violation of the Sixth and Fourteenth Amendments. We disagree. Questions of constitutional law are generally reviewed de novo. *People v Harper*, 479 Mich 599, 610; 739 NW2d 523 (2007).

In Michigan, the maximum sentence is set by statute but the trial court may utilize judicially ascertained facts to fashion a minimum sentence within the guidelines range. *People v Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2006). In addition, this Court has previously held that "the exercise of judicial discretion guided by the sentencing guidelines score through judicial fact finding does not violate due process or the Sixth Amendment right to jury trial" because judicial fact finding when scoring the sentencing guidelines does not establish a

mandatory minimum. *People v Herron*, 303 Mich App 392, 404; 845 NW2d 533 (2013). Thus, defendant's Sixth and Fourteenth Amendment rights were not violated.

Defendant also argues that he was denied the effective assistance of counsel. We disagree. Defendant did not move for a *Ginther*[2] hearing or a new trial on the basis of ineffective assistance of counsel. Therefore, appellate review of this issue is limited to mistakes apparent on the record. *People v Rodgers*, 248 Mich App 702, 713-714; 645 NW2d 294 (2001).

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). To establish ineffective assistance of counsel, the defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id.* at 81. Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant argues that counsel was ineffective for failing to object to the scoring of PRV 2. As discussed previously, the proper scoring of PRV 2 would not have affected defendant's minimum guidelines range. Therefore, defendant has failed to demonstrate that he was prejudiced by counsel's performance in this regard.

Defendant also argues that counsel was ineffective for failing to object to the scoring of OV 12. As stated earlier, five points were properly assessed for OV 12. Therefore, any objection to the scoring of OV 12 would have been futile. Failing to raise a futile objection does not constitute ineffective assistance of counsel. *Ericksen*, 288 Mich App at 201.

Defendant lastly argues that he was denied the effective assistance of counsel when his attorney failed to object to judicial fact finding at sentencing. In particular, defendant asserts that the rule set forth in *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), prohibits judicial fact finding that raises the floor of a defendant's minimum sentence. As already discussed, "the exercise of judicial discretion guided by the sentencing guidelines score through judicial fact finding does not violate due process or the Sixth Amendment right to jury trial" because judicial fact finding when assessing the sentencing guidelines does not establish a mandatory minimum. *Herron*, 303 Mich App at 404. Therefore, any objection would have been futile. Counsel was not ineffective for failing to object. *Ericksen*, 288 Mich App at 201.

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Affirmed.

/s/ Kathleen Jansen