PEOPLE v BAILEY

Docket No. 98826. Submitted December 12, 1988, at Detroit. Decided
    March 20, 1989. Leave to appeal applied for.

Ronald L. Bailey was convicted of first-degree premeditated mur-
    der, first-degree felony murder, and kidnapping following a
    bench trial in the Wayne Circuit Court. The trial court, Patrick
    J. Duggan, J., sentenced defendant to life imprisonment for the
    first-degree premeditated murder conviction and from sixty to
    ninety years for the kidnapping conviction. Defendant was not
    sentenced on the felony murder conviction. Defendant appealed
    alleging that the conduct of his expert witness violated his due
    process rights to a fair trial and to present a defense, that he
    was deprived of the effective assistance of counsel, and that his
    multiple convictions for first-degree premeditated murder, first-
    degree felony murder, and the predicate felony of kidnapping
    violate constitutional prohibitions against double jeopardy.

    The Court of Appeals *held:*

    1. The in-court demonstration of the sole diagnostic technique
    upon which defendant's expert had formulated his diagnosis
    was of some assistance to the trier of fact in assessing the
    expert's testimony. The trial court did not abuse its discretion
    in admitting such evidence.

    2. Defendant's right to present a defense was not infringed
    upon and he received a fair trial. The decision to call defen-
    dant's expert was one of trial strategy and defendant was not
    denied the effective assistance of counsel.

    3. The multiple convictions for first-degree premeditated
    murder, first-degree felony murder and the predicate felony of
    kidnapping violate the constitutional prohibitions against dou-
    ble jeopardy.

    The convictions for first-degree premeditated murder and
    kidnapping are affirmed and the conviction for first-degree
    felony murder is vacated.

REFERENCES

Am Jur 2d, Criminal Law §§ 243-320, 984-987.5; Evidence §§ 769 *et
    seq.*
See the Index to Annotations under Double Jeopardy.

1. CRIMINAL LAW — EVIDENCE — DEMONSTRATIONS.
   The admission of demonstrative evidence is a matter for the sound discretion of the trial judge.

2. ATTORNEY AND CLIENT — TRIAL STRATEGY.
   The Court of Appeals will not substitute its judgment for that of trial counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight.

3. CRIMINAL LAW — DOUBLE JEOPARDY.
   The conviction of a defendant for first-degree premeditated murder, first-degree felony murder and the predicate felony of kidnapping violates the constitutional prohibitions against double jeopardy.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

State Appellate Defender (by *Gail Rodwan*), for defendant on appeal.

Before: WEAVER, P.J., and SULLIVAN and R. A. BENSON,* JJ.

R. A. BENSON, J. Following a bench trial, defendant was convicted of first-degree premeditated murder, MCL 750.316; MSA 28.548, first-degree felony murder, MCL 750.316; MSA 28.548, and kidnapping, MCL 750.349; MSA 28.581. He was sentenced to imprisonment for life for the first-degree premeditated murder conviction and for a period of from sixty to ninety years for the kidnapping conviction. Defendant was not sentenced on the felony murder conviction. He appeals as of right. We affirm in part and reverse in part.

* Circuit judge, sitting on the Court of Appeals by assignment.

## I

Defendant's convictions arose from the abduction and strangulation of a fourteen-year-old boy. Defendant did not contest the charged acts, and the sole defense theory was that defendant was not guilty by reason of insanity.

Defendant's psychiatric expert diagnosed defendant to be suffering from pseudopsychopathic schizophrenia, a condition exacerbated when defendant was sexually abused by his psychiatrist at the Northville Regional Psychiatric Hospital. According to the expert witness, defendant sometimes thought he was someone else and at the time of the murder thought he was killing himself. The trial court allowed defendant's expert to conduct an in-court mock "mental status examination" of defendant similar to the one upon which the expert had formulated his diagnosis. During the mock examination, defendant took the witness stand, under oath, and was questioned by his psychiatric expert. As agreed by the parties and the court, the prosecutor was then permitted to cross-examine defendant after cross-examination of defendant's expert. Later, on direct examination, defendant testified that he was killing himself when he strangled the victim.

## II

On appeal, defendant argues that the conduct of his expert witness violated his due process rights to a fair trial and to present a defense, and that he was deprived of the effective assistance of counsel. We disagree.

Unlike the prosecution's expert witnesses, defendant's expert based his opinion solely upon his mental status examination of defendant, rejecting

other data as unhelpful. This being so, an in-court demonstration of this diagnostic technique was of some assistance to the trier of fact in assessing the expert's testimony. The admission of such demonstrative evidence is a matter for the sound discretion of the trial judge. *People v Chimovitz,* 237 Mich 247, 251; 211 NW 650 (1927). We find no abuse of discretion here.

Defendant's right to present a defense was not infringed upon. Defendant's participation in simulated psychoanalysis did not serve as a substitute for direct examination. The purpose of the mock examination was to demonstrate the basis for the schizophrenia diagnosis. The prosecutor's cross-examination of defendant served to discredit the medical opinion of defendant's expert, not defendant's responses during the mock examination. Defendant elected a bench trial; hence it is unlikely that the trier of fact considered the evidence for anything other than the purpose for which it was offered. See *People v Fisher,* 87 Mich App 350, 358; 274 NW2d 788 (1978).

Defendant received a fair trial. The fact that defendant's expert formed his opinion on the basis of a single interview with defendant resulted from the expert's deliberate rejection of other data, not from lack of preparation. Although his diagnosis was phrased in outdated terminology, the diagnosis was not medically unrecognized. We do not find the expert's flamboyance and use of provocative language to be behavior so bizarre as to turn defendant's trial into a sham or mockery. Nor did the weight of the foregoing irregularities make defendant's trial inconsistent with fundamental principles of liberty and justice. See *People v Rosales,* 160 Mich App 304, 312; 408 NW2d 140 (1987), lv den 429 Mich 861 (1987).

Defendant was not denied the effective assis-

tance of counsel. The decision to call defendant's expert was one of trial strategy. This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight. *People v Barnett,* 163 Mich App 331, 338; 414 NW2d 378 (1987).

### III

We find merit in defendant's argument that his multiple convictions for first-degree premeditated murder, first-degree felony murder and the predicate felony of kidnapping violate constitutional prohibitions against double jeopardy. *People v Wilder,* 411 Mich 328, 342; 308 NW2d 112 (1981); *People v Sparks,* 82 Mich App 44, 53; 266 NW2d 661 (1978), lv den 411 Mich 1050 (1981). Accordingly, defendant's first-degree felony murder conviction is vacated.

Defendant's convictions for first-degree premeditated murder and kidnapping are affirmed.