# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CORTEZ DAJUAN BROOKS,

Defendant-Appellant.

UNPUBLISHED
January 10, 2017

No. 328839
Wayne Circuit Court
LC No. 15-003408-FC

Before: BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his bench trial convictions of eight counts of first-degree criminal sexual conduct (CSC 1)—four counts of CSC 1 pursuant to MCL 750.520b(1)(a) (victim under 13 years of age), and four counts of CSC 1 pursuant to MCL 750.520b(1)(b)(*ii*) (victim between 13 and 16 years of age and actor is a member of the same household as the victim). The trial court sentenced defendant to concurrent terms of 20 to 40 years' imprisonment for each of the eight convictions. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from the victim's allegations that defendant repeatedly sexually abused her when she was between the ages of 3 and 14 years old. All but one of the incidents occurred during times when defendant shared a home with the victim and her mother. The victim testified to numerous instances of sexual abuse, indeed "too many to count," the incidents ceasing only temporarily during a period of time when defendant did not reside in the home. The last episode of sexual misconduct occurred in 2012 in defendant's home (defendant having moved out of the victim's home in 2009) when the victim was 14 years old. The victim's mother testified that she was not aware of the abuse until the victim informed her of it in 2014.

Before trial, the prosecution gave defendant notice, pursuant to MCL 768.27a, of its intent to introduce other acts evidence in the form of testimony from a witness to whom defendant had exposed himself, in front of whom he had masturbated, and to whom he offered money for sex when she was 15 years old. Defense counsel objected at trial on the grounds that the notice had not contained a precise statement of the witness's testimony, and also that the evidence was more prejudicial than probative in violation of MRE 403. The trial court overruled defendant's objection. The witness, who was the victim's cousin, testified that she had been

-1-

sleeping on a couch with her romantic partner at the victim's home, and that defendant masturbated in front of her and her partner and offered her money for sex with her or her partner. The witness testified that she did not tell anyone about the incident until after learning what had happened to the victim.

Defendant was convicted as described above. At sentencing, the trial court assessed 5 points for prior record variable (PRV) 5, based on defendant having committed two "qualifying prior misdemeanors." This appeal followed.

## II. ADMISSION OF OTHER ACTS EVIDENCE

Defendant argues that the trial court reversibly erred when it allowed the admission of testimony regarding other acts of alleged sexual misconduct under MCL 768.27a without conducting an MRE 403 balancing test or requiring proper notice from the prosecution. We disagree.

This Court reviews a trial court's decision regarding the admissibility of other acts evidence for an abuse of discretion. *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007). A trial court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). "Because an abuse of discretion standard contemplates that there may be more than a single correct outcome, there is no abuse of discretion where the evidentiary question is a close one." *People v Smith*, 282 Mich App 191, 194; 772 NW2d 428 (2009).

Defendant challenges the trial court's decision to allow the testimony of the witness regarding sexual misconduct perpetrated by defendant toward her and her partner when she was 15 years old. The prosecution offered the testimony as propensity evidence under MCL 768.27a. "A defendant's propensity to commit criminal sexual behavior can be relevant and admissible under [MCL 768.27a] to demonstrate the likelihood of the defendant committing criminal sexual behavior toward another minor." *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008). In pertinent part, MCL 768.27a states: "[i]n a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." For purposes of the statute, " '[l]isted offense' means that term as defined in section 2 of the sex offenders registration act, [MCL 28.722]." MCL 768.27a(2)(a).

Defendant does not challenge the applicability of MCL 767.27a to the circumstances of his case. Defendant was charged with eight counts of CSC 1, a "listed offense" for purposes of admissibility under MCL 768.27a. See MCL 28.722(j); MCL 28.722(w)(*iv*) (listing a violation of MCL 750.520b as a "Tier III" listed offense). His alleged prior acts of sexual misconduct were chargeable under MCL 750.449a(2)[1] and MCL 750.145a[2], either of which is also a "listed

---

[1] "A person who engages or offers to engage the services of another person, who is less than 18 years of age and who is not his or her spouse, for the purpose of prostitution, lewdness, or

-2-

offense" for purposes of MCL 768.27a. See MCL 28.722(s)(*iv*) (listing a violation of MCL 750.449a(2) as a "Tier I" listed offense); MCL 28.722(u)(*i*) (listing a violation of MCL 750.145a as a "Tier II" listed offense). Thus, MCL 768.27a indisputably applied, rendering evidence of the witness's allegations presumptively admissible against defendant at trial.

However, defendant objects to the prosecution's presentation of other acts evidence on the ground that the witness's testimony was "more prejudicial than probative," and should have been ruled inadmissible under MRE 403. Specifically, defendant argues that the trial court erred when it failed to conduct an appropriate balancing test in considering whether the other acts testimony was admissible under MRE 403, which applies to evidence admitted under MCL 768.27a and permits the exclusion of otherwise admissible evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403; *People v Brown*, 294 Mich App 377, 386; 811 NW2d 531 (2011).

Our Supreme Court has instructed trial courts to engage in the MRE 403 balancing analysis with respect to every piece of evidence offered under MCL 768.27a. *People v Watkins*, 491 Mich 450, 489; 818 NW2d 296 (2012). Here, the trial court conducted a relatively brief analysis. However, any error on the part of the trial court in failing to explain its reasoning further was harmless because MRE 403 does not bar admission of the challenged evidence. See *id*. at 491.

MRE 403 permits the exclusion of otherwise admissible evidence if "its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403 (emphasis added). When applying MRE 403 to MCL 768.27a evidence, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. The MRE 403 balancing test involves consideration of the following:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the

assignation, by the payment in money or other forms of consideration, is guilty of a crime punishable as provided in section 451." MCL 750.449a(2).

[2] "A person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both." MCL 750.145a.

evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

Evidence offered against a party is "by its very nature . . . prejudicial[;] otherwise there would be no point in presenting it." *People v Fisher*, 449 Mich 441, 451; 537 NW2d 577 (1995). "Evidence is *unfairly* prejudicial when 'there exists a danger that marginally probative evidence will be given undue or preemptive weight.' " *People v Kowalski*, 492 Mich 106, 137; 821 NW2d 14 (2012), citing *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). When there is a bench trial, prejudice is considered minimal because "it is unlikely that the court would consider the evidence for anything other than the proper purpose for which it was offered." *People v Bailey*, 175 Mich App 743, 746; 438 NW2d 344 (1989); see also *People v Lanzo Constr Co*, 272 Mich App 470, 484; 726 NW2d 746 (2006) ("In a bench trial, the trial court is presumed to know the applicable law.").

The record clearly reveals that defendant was charged with listed sexual offenses against a minor, and that the witness's testimony also involved listed sexual offenses against a minor. The testimony was therefore highly probative of defendant's propensity for sexual abuse of minors. Additionally, several other similarities existed between the victim's and the witness's allegations. The witness testified that she was 15 years old when defendant exposed himself to her and propositioned her for sex. Although the victim was much younger when defendant allegedly began sexually abusing her, she testified that his last act of sexual abuse occurred when she was 14 years old. Every one of the incidents of sexual abuse described by the victim occurred in defendant's residence, when he was alone with her. The incident to which the witness testified also occurred in defendant's residence when the witness and her partner were isolated from other individuals in the home. The witness's testimony demonstrated defendant's propensity for sexually abusing convenient and available young females. This propensity inference has probative value. *Watkins*, 491 Mich at 487.

Defendant further argues that, in light of the "ample" evidence of defendant's guilt, the witness's testimony was unnecessary. However, as defendant concedes, this case was a contest of credibility. The victim's allegations provided ample evidence of defendant's guilt only if they were credited by the trial court. The witness's other acts testimony supported the victim's credibility. See *id*. at 492, 464-465 (finding that the trial court had misapplied the MRE 403 test in the MCL 768.27a context by "fail[ing] to weigh in favor of the evidence's probative value the extent to which the other-acts evidence [allegations that the defendant had sexually abused his daughter 20 years prior] supported the victim's [the defendant's granddaughter] credibility and rebutted the defense's attack thereof."); see also *People v Duenaz*, 306 Mich App 85, 100; 854 NW2d 531 (2014) ("The evidence of the similar assault against the other victim was very probative and important to the prosecution's case, especially because defendant was able to claim a lack of physical evidence of sexual assault.") In sum, the witness's testimony was highly probative. See *Watkins*, 491 Mich at 491.

Additionally, the other acts testimony was not unfairly prejudicial. The acts described by the witness and the victim were similar: both occurred in part when the girls were at similar ages, both occurred in defendant's home, both involved an opportunistic crime of convenience, and both involved young girls related to defendant's live-in girlfriend but unrelated by blood to

defendant. Although the witness described an event that occurred when she was 15 years old, 12 years before defendant's trial, her alleged abuse would have occurred when the victim was five years old, and during the time period that the victim was suffering ongoing sexual abuse at the hands of defendant. And although the witness only testified to a single encounter rather than repeated abuse, she did not live in defendant's home. There were no notable "intervening acts" to affect the analysis, and to the extent that the witness's testimony was aged or contained inconsistencies, reliability and credibility are matters properly left to the finder of fact. *People v Sherman-Huffman*, 241 Mich App 264, 266; 615 NW2d 776 (2000). Notably, defense counsel cross-examined the witness about a 2010 conviction for uttering and publishing, a crime of dishonesty, to which the witness admitted, and the trial court was able to consider that fact when weighing the credibility of the witness's testimony. Because the highly probative value of AA's testimony was not substantially outweighed by the danger of unfair prejudice, the trial court did not abuse its discretion when it permitted its presentation at defendant's trial.

Defendant also argues that it was unfair to allow the prosecution's presentation of the challenged other acts evidence because the prosecution's failure to provide timely notice of the content of the witness's testimony before trial was a violation of MCL 768.27a. However, defendant has failed to show that the prosecution did not comply with the applicable notice requirements. In pertinent part, MCL 768.27a requires that, "[i]f the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial . . . including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered." MCL 768.27a(1).

Before defendant's trial, the prosecution provided defendant timely notice of its intent to offer the witness's testimony pursuant to MCL 768.27a, in order to establish defendant's propensity for sex with minors. The notice specified that the prosecution intended to "use evidence at trial that [d]efendant exposed his genitals, offered money for sex, and masturbated in front of [the witness] in 2003 when [the witness] was approximately 15 years old." At a final pretrial conference, defendant requested a more precise statement regarding the intended testimony. At trial, defense counsel argued that it would be fundamentally unfair to allow the prosecution to present the witness's testimony because the prosecution had not provided defense counsel with a more precise statement of the witness's allegations as defendant had requested. The trial court overruled the objection, holding that the prosecution's failure to provide defense counsel with a written statement regarding the witness's intended testimony did not deprive defendant of a fair trial because such a statement did not exist in tangible form, and defendant would have the opportunity to cross-examine the witness regarding her allegations. This was not an abuse of the trial court's discretion. Defendant was not entitled to a witness statement under MCL 768.27a, which clearly requires *either* a statement *or* a summary of testimony. The prosecution provided defendant timely notice and included a reasonably specific summary of the intended testimony. Because this is all that was required under MCL 768.27a, the trial court did not abuse its discretion when it allowed the prosecution to present the challenged other acts evidence at trial.

## III. PRV 5

Defendant also argues that the trial court erred when it assessed PRV 5 at five points, rather than zero points, based on a mistake of fact regarding the existence of prior misdemeanors. Again, we disagree.

Defendant failed to preserve this claim of error by raising it at the sentencing hearing, in a proper motion for resentencing, or in a proper motion to remand filed with this Court. MCL 769.34(10); MCR 6.429(C); *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015). We review unpreserved challenges to the scoring of the sentencing guidelines for plain error affecting the defendant's substantial rights. *People v Odom*, 276 Mich App 407, 411; 740 NW2d 557 (2007).

A defendant is entitled to be sentenced according to accurately assessed guidelines and on the basis of accurate information. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). A defendant is entitled to a remand for resentencing when the trial court made an error in assessing the sentencing guidelines or relied on inaccurate information to determine defendant's sentence. *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006).

Under MCL 777.55(1)(d), PRV 5 should be assessed at five points when "[t]he offender has 2 prior misdemeanor convictions." The statute defines a "prior misdemeanor conviction" as "a conviction for a misdemeanor under a law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the conviction was entered before the sentencing offense was committed." MCL 777.55(3)(a). However, for purposes of MCL 777.55(1)(d), trial courts are instructed to count a prior misdemeanor "only if it is an offense against a person or property, or a controlled substance offense, or a weapon offense." MCL 777.55(2)(a); *People v Crews*, 299 Mich App 381, 397; 829 NW2d 898 (2013).

Defendant correctly argues that his two prior convictions for operating a vehicle on a suspended license, MCL 257.904, were not for crimes "against a person or property," and should not be counted for purposes of assessing PRV 5. However, defendant's presentence investigation report (PSIR) reveals a prior misdemeanor conviction for domestic violence, MCL 750.81, and a prior misdemeanor conviction for resisting and obstructing a police officer, MCL 750.479. Both are offenses against a person. MCL 777.16d; MCL 777.16x. Thus, these adjudications were properly counted toward the sentencing court's assessment of PRV 5. *Crews*, 299 Mich App at 387-388.

## IV. LACK OF POLYGRAPH EXAMINATION

Defendant argues in his Standard 4 brief[3] that he was denied his due process right to a fair trial when he was not provided with an opportunity to exonerate himself through a polygraph examination. We disagree.

Defendant failed to preserve this issue for appeal by raising it in the trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). This Court reviews unpreserved claims of error for plain error affecting defendant's substantial rights. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). A plain error is one that is "clear or obvious," and the error must affect the defendant's "substantial rights." *People v Walker (On Remand)*, 273 Mich App 56, 66; 728 NW2d 902 (2006). Further, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (internal quotations and alterations omitted).

MCL 776.21(5) provides, "A defendant who allegedly has committed a crime under [MCL 750.520b to 750.520e and MCL 750.520g], shall be given a polygraph examination or lie detector test *if the defendant requests it*." (Emphasis added.) A defendant has the right to request a polygraph examination under the statute until he or she is found guilty of the offense. *People v Phillips*, 469 Mich 390, 396; 666 NW2d 657 (2003).

Defendant was charged with CSC 1 under MCL 750.520b, and would therefore have been entitled to the administration of a polygraph examination had he requested one. The record reveals, however, that defendant never requested such an examination and thus failed to assert his statutory right under MCL 776.21(5). See *Phillips*, 469 Mich at 396. Nothing requires a trial court to sua sponte assert this right for every defendant charged under the above-mentioned statutes. We find no plain error requiring reversal.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant claims in his Standard 4 brief that he was deprived of the effective assistance of counsel when defense counsel failed to (1) convey a plea offer to defendant, (2) procure defendant's participation in a polygraph examination, and (3) object to the improper assessment of PRV 5. We disagree.

Defendant did not move the trial court for a new trial or a *Ginther*[4] hearing. *Petri*, 279 Mich App at 410. Therefore, this Court's review of defendant's ineffective assistance of counsel claims is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368;

---

[3] An appellate brief filed in propria persona by a criminal defendant pursuant to Administrative Order No. 2004-6.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

649 NW2d 94 (2002). Whether a person has been denied effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*.

"Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). To establish a claim of ineffective assistance of counsel, "a defendant must show (1) that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that defense counsel's deficient performance so prejudiced the defendant that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011), citing *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

A defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v Cooper*, 566 US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). To be effective, a trial counsel's assistance must enable the defendant to make an informed and voluntary choice between entering a guilty plea and moving forward to trial. *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). Trial counsel is required to explain "the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). Although a claim of ineffective assistance of counsel may be based on counsel's failure to communicate a plea offer, defendant must prove by a preponderance of the evidence that a plea offer was made and that his counsel failed to communicate it to him. *People v Williams*, 171 Mich App 234, 242; 429 NW2d 649 (1988).

Defendant cannot show that defense counsel was ineffective for failing to adequately inform him of a plea offer, or of the consequences of accepting such an offer, because defendant has provided no evidence that the prosecution ever offered a plea bargain in the first place. Indeed, at the final pretrial conference, the prosecution explained to the trial court that no offer had been made because "defense does not want an offer." Defense counsel confirmed the prosecution's statement, and defendant did not object. Defendant has provided no evidence that the prosecution extended an offer between the time of the final pretrial conference and the beginning of defendant's trial. Defendant thus has failed to establish a factual predicate for his claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Further, defendant has not shown that he is entitled to relief for any alleged failure of counsel to adequately advise him of the consequences for rejecting a plea offer. Although defendant asserts that "things may have been different" if he had considered a plea agreement, after which he "would have at least had the option" of accepting such an agreement, defendant does not assert that he would likely have accepted an agreement rather than go to trial. Such noncommittal statements are insufficient to prove that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court." *Lafler*, 132 S Ct at 1384. Nor has defendant suggested that a sentence pursuant to any plea agreement would have been less severe than the sentence actually imposed. The trial court's

sentence of 20 to 40 years' imprisonment was within defendant's sentencing guidelines range of 171 to 285 months. Additionally, MCL 750.520b(2)(a) permits a trial court to impose a sentence of life imprisonment for a CSC 1 conviction. Defendant cannot show a reasonable probability that either his convictions or sentences would have been less severe had he accepted a plea offer (had one been made) and thus cannot demonstrate prejudice.

Defendant also argues that counsel was ineffective for failing to procure defendant's participation in a polygraph examination. Defendant suggests that, had he known that he would not be able to exonerate himself with a polygraph examination, he would have "went with a jury." However, as of the final pretrial conference, it was defendant's intention to move forward with a jury trial. Defendant signed a written waiver of jury trial on June 25, 2015, a little more than a week after the final pretrial conference and less than two weeks before his trial. Defendant's case had been pending since March 5, 2015, and it is difficult to believe that defendant still expected to rely on the results of a polygraph examination at trial when he signed his waiver and elected to move forward with a bench trial. In any case, defendant cannot show that he was prejudiced by defense counsel's alleged failure to provide defendant with an opportunity to participate in a polygraph examination. Evidence relating to any polygraph examination would have been inadmissible at defendant's trial. *Jones*, 468 Mich at 355 ("The bright-line rule that evidence relating to a polygraph examination is inadmissible is well established."). Defendant cannot show that, had he participated in a polygraph examination, the outcome of the proceedings would have been any different. Defendant thus cannot demonstrate prejudice.

Finally, defendant's third claim of ineffective assistance of counsel, alleging error in defense counsel's failure to object to the trial court's assessment of PRV 5, is also without merit. We have already determined that the trial court's assessment of PRV 5 was proper, and defense counsel cannot be considered objectively unreasonable for failing to object. "Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion." *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003). Therefore, defendant has not shown that he was deprived of the effective assistance of counsel.

Affirmed.


/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly