*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MOSES RICHARD EMMANUEL,

Defendant-Appellant.

UNPUBLISHED
June 18, 2026
10:56 AM

No. 374013
Macomb Circuit Court
LC No. 23-003527-FH

Before: YOUNG, P.J., and BORRELLO and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] and challenges his sentences. Defendant was convicted by no contest plea of unarmed robbery, MCL 750.530; fourth-degree fleeing and eluding a police officer, MCL 257.602a(2); and resisting and obstructing a police officer, MCL 750.81d(1). He was sentenced to 45 months to 15 years' imprisonment for unarmed robbery.[2] On appeal, defendant argues that his sentencing guidelines were incorrectly scored and that he is therefore entitled to resentencing. For the reasons set forth in this opinion, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

---

[1] This Court initially denied defendant's application for leave to appeal for lack of merit. *People v Emmanuel*, unpublished order of the Court of Appeals, entered February 20, 2025 (Docket No. 374013). Defendant appealed this denial to the Supreme Court of Michigan, which, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *People v Emmanuel*, ___ Mich ___; 25 NW3d 128 (2025).

[2] Defendant was sentenced to 223 days in jail for the other two counts, with credit for 223 days served.

This case arose out of defendant's attempted robbery of the victim and defendant's subsequent attempts to evade and resist arrest. On appeal, defendant solely argues that the trial court erred by assessing 25 points, instead of 0 points for prior record variable 1 (PRV 1).

At the sentencing hearing, the trial court heard several arguments regarding the scoring of the sentencing guidelines variables in defendant's presentence investigation report (PSIR). Of note, defendant argued that the PSIR incorrectly scored PRV 1 at 75 points because certain convictions had improperly been counted. However, defense counsel conceded that defendant had one prior high-severity felony and that assessing 25 points for PRV 1 would be proper. The trial court assessed 25 points for PRV 1. Defendant's final minimum guidelines range was determined to be 36 to 71 months. Pursuant to a *Cobbs*[3] agreement that defendant's minimum sentence would be within the lower third of the guidelines range, the trial court sentenced defendant to 45 months to 15 years' imprisonment.

## II. ANALYSIS

### A. PRV 1

The first part of our analysis requires us to interpret and apply statutes within the sentencing guidelines. Issues of statutory interpretation are reviewed de novo on appeal as questions of law. *People v Hershey*, 303 Mich App 330, 336; 844 NW2d 127 (2013). Our primary task is to ascertain and give effect to the Legislature's intent, beginning with the plain language of the statute. *People v Mack*, 265 Mich App 122, 126; 695 NW2d 342 (2005). If the statutory language is unambiguous, we presume that the Legislature intended the meaning plainly expressed. *Hershey*, 303 Mich App at 336. Furthermore, statutes "that address the same subject or share a common purpose" are generally considered "*in pari materia* and must be read together as a whole." *People v Kern*, 288 Mich App 513, 517; 794 NW2d 362 (2010) (quotation marks and citation omitted). "No one provision may be viewed in a vacuum," and the "object of the *in pari materia* rule is to give effect to the legislative purpose as found in harmonious statutes." *Id*. (quotation marks and citations omitted).

PRV 1 is contained in MCL 777.51, which provides as follows:

(1) Prior record variable 1 is prior high severity felony convictions. Score prior record variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender has 3 or more prior high severity felony convictions …… 75 points

(b) The offender has 2 prior high severity felony convictions ……………. 50 points

(c) The offender has 1 prior high severity felony conviction ……………... 25 points

---

[3] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

(d) The offender has no prior high severity felony convictions ……………. 0 points

(2) As used in this section, "prior high severity felony conviction" means a conviction for any of the following, if the conviction was entered before the sentencing offense was committed:

(a) A crime listed in offense class M2, A, B, C, or D.

(b) A felony under a law of the United States or another state corresponding to a crime listed in offense class M2, A, B, C, or D.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

PRV 2, in contrast, involves prior low severity felony convictions. PRV 2 is contained in MCL 777.52, which provides as follows:

(1) Prior record variable 2 is prior low severity felony convictions. Score prior record variable 2 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender has 4 or more prior low severity felony convictions ……. 30 points

(b) The offender has 3 prior low severity felony convictions …………….. 20 points

(c) The offender has 2 prior low severity felony convictions …………….. 10 points

(d) The offender has 1 prior low severity felony conviction ………………. 5 points

(e) The offender has no prior low severity felony convictions …………… 0 points

(2) As used in this section, "prior low severity felony conviction" means a conviction for any of the following, if the conviction was entered before the sentencing offense was committed:

(a) A crime listed in offense class E, F, G, or H.

(b) A felony under a law of the United States or another state that corresponds to a crime listed in offense class E, F, G, or H.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years.

Here, the parties agree that the trial court assessed 25 points for PRV 1 based on defendant's 2011 federal conviction for Counterfeiting and Forging Obligations or Securities, in violation of 18 USC 471. Under 18 USC 471, "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both." Pursuant to MCL 777.51(2)(b) and (d), a "felony under a law of the United States" is a "prior high severity felony conviction" for purposes of PRV 1 if it either (1) "correspond[s] to a crime listed in offense class M2, A, B, C, or D" or (2) "does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and . . . is punishable by a maximum term of imprisonment of 10 years or more."

Because the maximum term of imprisonment authorized for a violation of 18 USC 471 exceeds 1 year, it is a felony under federal law. See *Moncrieffe v Holder*, 569 US 184, 188; 133 S Ct 1678; 185 L Ed 2d 727 (2013) (stating that under federal law, "a 'felony' is an offense for which the 'maximum term of imprisonment authorized' is 'more than one year.' ") (citation omitted); see also *Carachuri-Rosendo v Holder*, 560 US 563, 567; 130 S Ct 2577; 177 L Ed 2d 68 (2010) (same). Hence, the next question becomes whether this offense "corresponds" to any of the crimes listed in the various offense classes for purposes of Michigan's sentencing guidelines. MCL 777.51(2)(b) and (d).

This Court has held that "correspond," for purposes of MCL 777.51, means "similar or analogous." *People v Crews*, 299 Mich App 381, 391; 829 NW2d 898 (2013). " 'Analogous' is defined as 'corresponding in some particular' and 'similar' is defined as 'having qualities in common.' " *Id*. at 391-392 (citation omitted). Furthermore, MCL 777.52 also uses "correspond" in the same manner and the same definition therefore applies. *People v Couzens*, 480 Mich 240, 249; 747 NW2d 849 (2008) ("[W]ords and phrases used in an act should be read in context with the entire act and assigned such meanings as to harmonize with the act as a whole.").

Here, defendant argues that the federal offense defined in 18 USC 471 corresponds to MCL 750.250 or MCL 750.251, making the federal offense a low-severity felony for purposes of calculating the PRV level under Michigan's sentencing guidelines. This Court explained in *Crews* that "it is clear that by distinguishing high-and low-severity felony convictions the Legislature intended to provide sentencing courts with a mechanism for matching criminal conduct prohibited by other states [or the federal government] with similar conduct prohibited by Michigan statutes, with the focus on the type of conduct and harm that each respective statute seeks to prevent and punish." *Crews*, 299 Mich App at 389-390. Accordingly, we must examine the statutory elements of these crimes to determine the type of conduct and harm that each seeks to prevent and punish so we may determine whether 18 USC 471 corresponds to a Michigan offense for purposes of PRV 1 or PRV 2. Because we find the comparison with MCL 750.251 dispositive for the reasons below, we will begin with that statute and need not address MCL 750.250.

Pursuant to MCL 750.251, "[a]ny person who shall falsely make, alter, forge, or counterfeit any bank bill or promissory note payable to the bearer thereof, or to the order of any person, issued by this state, or any of its political subdivisions or municipalities or by any incorporated banking

-4-

company in this state, or in any of the British provinces of North America, or in any other state or country, or payable therein, at the office of any banking company incorporated by any law of the United States or of any other state, with intent to injure or defraud any person, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 7 years." MCL 750.251. Our Supreme Court has interpreted the term "bank bill or promissory note" in this statute to mean "common currency or money, as that term is used today." *People v Hall*, 391 Mich 175, 195; 215 NW2d 166 (1974). Hence, the elements of the offense defined in MCL 750.251 are (1) the false making, alteration, forgery, or counterfeiting; (2) of any bank bill or promissory note, i.e., common currency or money; (3) with the intent to injure or defraud any person.

As previously stated, 18 USC 471 provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both." Thus, the elements of this offense are (1) the false making, forgery, counterfeiting, or alteration; (2) of any obligation or other security of the United States; (3) with the intent to defraud. "The manifest purpose of the counterfeiting statute is the protection of all currency and obligations of the United States," and "[t]his protection extends to each item of the United States monetary system." *United States v LeMon*, 622 F2d 1022, 1024 (CA 10, 1980) (citation omitted).

Comparing MCL 750.251 with 18 USC 471, both seek to prevent and punish essentially the same conduct and harm, and the statutes are highly similar. *Crews*, 299 Mich App at 389-392. Thus, 18 USC 471 "corresponds" to MCL 750.251. *Id*. at 391. MCL 750.251 is a Class E felony under the sentencing guidelines. MCL 777.16n. Therefore, because defendant's federal conviction corresponds to a Class E felony, it is a low-severity felony, not a high-severity felony, for purposes of defendant's PRV score. MCL 777.52(2)(b).

We are aware that in *Crews*, this Court stated that "[u]nder MCL 777.51(2)(d), convictions for crimes punishable by a maximum term of imprisonment of 10 years or more need not correspond to any crime listed in offense class M2, A, B, C, D, E, F, G, or H and constitute prior high-severity felony convictions on the basis of the possible sentence alone." *Crews*, 299 Mich App at 390. However, in that case, the Ohio felony at issue was only punishable by a maximum of eight years' imprisonment, and this Court thus concluded that it certainly could not satisfy the definition under MCL 777.51(2)(d). *Id*. The *Crews* panel further concluded that the Ohio felony at issue was a high-severity felony for purposes of PRV 1 because it corresponded to a class C felony under Michigan law and therefore satisfied the definition under MCL 777.51(2)(b). *Id*. at 393, 396. This Court in *Crews* was not confronted with the situation presented here where although the federal crime at issue is punishable by more than 10 years, it actually corresponds to a crime listed in a class that is considered a low-severity felony under MCL 777.52(2)(b). In turn, the *Crews* panel also was not confronted with the interplay between MCL 777.51(2) and MCL 777.52(2) under these precise circumstances that confront us in the present case. Therefore, *Crews* is not applicable on this precise issue.

Considering the plain language of MCL 777.51(2)(d), it is unambiguously evident that a crime under the law of the United States or another state must *both* (1) not correspond to *any* crime in the listed crime classes *and* (2) be punishable by more than 10 years' imprisonment in order to satisfy the definition and qualify as a high severity felony for purposes of PRV 1. This conclusion is further supported by reading MCL 777.51 and MCL 777.52 *in pari materia*, *Kern*, 288 Mich

App at 517, and observing that if a federal crime, or a crime under another state's law, corresponds to a Michigan crime listed under the sentencing guidelines in crime class E, F, G, or H, it is considered a low-severity felony for purposes of PRV 2, regardless of the length of authorized maximum punishment for the offense by the law of the other jurisdiction. To read MCL 777.51(2)(d) in a manner other than we have explained here would operate to nullify MCL 777.52(2)(b), and this Court will not read statutory language to render other parts nugatory. "If statutes lend themselves to a construction that avoids conflict, then that construction should control" so as to give effect to the legislative purpose of harmonious statutes. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998).

Therefore, it was erroneous as a matter of law to assess 25 points for PRV 1 in this case. The conviction instead should have been counted as a low-severity felony for purposes of scoring PRV 2.

### B. WAIVER OR FORFEITURE

Having reached this conclusion, we must also address the question whether defendant waived or forfeited this error by how he challenged the PRV 1 scoring at sentencing.

We begin with the issue of waiver. Defendant did not raise the precise issue argued on appeal at sentencing after successfully arguing that certain other international convictions could not be counted for purposes of scoring PRV 1, which resulted in reducing the PRV 1 score from 75 points to 25 points. Defendant did not argue at sentencing, as he does on appeal, that 0 points should be assessed for PRV 1. Defendant essentially conceded at sentencing that he had one high-severity felony and that 25 points should be assessed for PRV 1.

This Court has indicated that, in this specific context of scoring variables under the sentencing guidelines, advocating a position at sentencing that is contradictory to a later appellate argument does not constitute a waiver—even if that contradictory position involved stipulating to a specific score. *Hershey*, 303 Mich App at 353-354. We therefore conclude that in the present case, no waiver occurred.

Next, we must consider the application of MCL 769.34(10), which provides as follows:

> (10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Here, based on our conclusion that PRV 1 was erroneously scored, if PRV 1 is adjusted to 0 points and PRV 2 is adjusted to 10 points based on the proper classification of defendant's prior conviction under 18 USC 471, defendant's PRV score should have been 20 points instead of 40 points. That change would have placed defendant in PRV level C, instead of D, and lowered his

guidelines range to 29 to 57 months. MCL 777.64.[4] Although defendant's 45-month sentence still falls within this range, there was a *Cobbs* agreement that defendant's sentence would be within the lower third of the guidelines range and his sentence would not satisfy the *Cobbs* agreement under the properly calculated guidelines.

In *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004), our Supreme Court held that "pursuant to § 34(10), a sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand," but "if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." Appellate review in the first instance, if the issue was not raised at sentencing, in a motion for resentencing, or in a motion to remand is for plain error. *Id*. at 312.[5] In *Kimble*, the defendant's minimum sentence was within the guidelines range as calculated by the trial court, but the Supreme Court determined that correcting a scoring error resulted in a lower guidelines range that rendered the defendant's sentence outside the properly calculated guidelines range. *Id*. at 308-309. Accordingly, even though the issue was not raised until appeal, the Supreme Court applied plain error review and determined that resentencing was warranted. *Id*. at 312-313.

Here, although defendant failed to raise this particular challenge to PRV 1 in one of the ways provided in MCL 769.34(10) and did not raise this challenge until he reached this Court, his sentence is still above the range provided by his *Cobbs* agreement when considering the properly calculated guidelines range.

In *People v Smith*, 319 Mich App 1, 5; 900 NW2d 108 (2017), this Court held that a defendant who pleads guilty under a *Cobbs* agreement is entitled to resentencing in accordance with "the *properly* calculated sentencing guidelines range," even if the prosecution and defense counsel had agreed to an incorrect, higher guidelines range. (Emphasis added.) As this Court in *Smith* observed, a

> guilty plea is a waiver of several constitutional rights, including the right to a trial by jury, the right to confront one's accusers, and the right against compulsory self-incrimination. "For a plea to constitute an effective waiver of these rights, the Due Process Clause of the Fourteenth Amendment requires that the plea be voluntary and knowing." In other words, " '[w]aivers of constitutional rights not only must

---

[4] Defendant was convicted under MCL 750.530, which is a class C felony. MCL 777.16y.

[5] Our Supreme Court further clarified in *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006), that "if the defendant failed to raise the scoring error at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals, and the defendant's sentence is within the appropriate guidelines range, the defendant cannot raise the error on appeal except where otherwise appropriate, as in a claim of ineffective assistance of counsel."

be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' "

. . . In *People v Cobbs*, 443 Mich 276, 285; 505 NW2d 208 (1993), the Michigan Supreme Court explained that when a defendant pleads guilty with knowledge of the sentence that will be imposed, the defendant's plea demonstrates that he or she agrees that the sentence is proportionate to the offense and the offender. [*Smith*, 319 Mich App at 6 (some citations omitted; alteration in original).]

The defendant in *Smith* was sentenced to 126 to 240 months' imprisonment after pleading guilty pursuant to a *Cobbs* agreement that he would be sentenced at the low end of the guidelines range and the guidelines range was determined to be 126 to 210 months. *Id*. at 2-4, 3 n 4. The defendant subsequently obtained appellate counsel and moved for resentencing in the trial court, arguing that the proper guidelines range was 81 to 135 months. *Id*. at 4. This Court held on appeal that "although the prosecution and defense counsel agreed to an incorrect, higher guidelines range, defendant [was] nevertheless entitled to resentencing at the low end of the properly calculated sentencing guidelines range." *Id*. at 5. We reasoned that the defendant had agreed to a minimum sentence at the low end of the guidelines range, not a "specific sentence," and that "[i]mplicit in the plea agreement was the understanding that defendant would be sentenced at the low end of an accurate guidelines range." *Id*. at 7. We further explained:

The minimum sentence of 126 months was not "at the low end" of the sentencing range indicated in the SIR. Consequently, the court did not adhere to the bargain to sentence defendant to a minimum sentence at the low end of the guidelines range. We conclude that due process requires that the trial court sentence defendant to a minimum sentence at the low end of the appropriate guidelines range. The record establishes that defendant entered his plea with the understanding that he would receive a sentence at the low end of the correct guidelines range. Sentencing defendant within the higher guidelines range denied defendant his right to due process because a defendant must enter a guilty plea "with sufficient awareness of the relevant circumstances and likely consequences." [*Id*. at 8-9 (citation omitted).]

Considering our analysis in *Smith*, we conclude in the present case that defendant's sentence above the range contemplated by the *Cobbs* agreement when considered in relation to the *properly* calculated guidelines range is analogous to the factual situation in *Kimble* where the defendant's sentence was outside the *properly* calculated guidelines range. To conclude otherwise would deny defendant due process. *Id*. Thus, we review defendant's claim of error for plain error. *Kimble*, 470 Mich at 310-312. This requires defendant to show that

1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Id*. at 312 (quotation marks and citation omitted; ellipsis in original).]

After making these three showings, defendant must also demonstrate "that the error resulted in the conviction of an actually innocent defendant or that the error seriously affect[ed]

the fairness, integrity or public reputation of judicial proceedings . . . ." *Id*. (quotation marks and citation omitted; alteration and ellipsis in original).

Here, as discussed above, defendant has established error. The error was established by the application of unambiguous statutory language and well-established caselaw, and the error was thus plain. Defendant being subjected to a greater sentence than he should have been under his *Cobbs* agreement and properly calculated guidelines constitutes prejudice. Finally, the error seriously affected the fairness, integrity and public reputation of judicial proceedings because it "is difficult to imagine what could affect the fairness, integrity and public reputation of judicial proceedings more than sending an individual to prison and depriving him of his liberty for a period longer than authorized by the law." *Id*. at 313. Therefore, we conclude that defendant's sentence must be vacated. We remand the matter for resentencing under the properly calculated guidelines range. If the trial court determines that it cannot follow the *Cobbs* agreement, then defendant should be given the opportunity to withdraw his plea. *Smith*, 319 Mich App at 9.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Stephen L. Borrello
/s/ Christopher M. Trebilcock